In the Matter of Albert A. KLIX and Sandra Klix, Debtors.

FORD MOTOR CREDIT COMPANY, a Delaware corporation, Plaintiff,

v.

Albert A. KLIX and Sandra Klix, jointly and severally, Defendants.

Bankruptcy No. 81–06312–W.
Adv. No. 82–0035–W.

United States Bankruptcy Court,
E. D. Michigan, S. D.

April 30, 1982.

Charles L. McKelvie, Grosse Pointe, Mich., for Ford Motor Credit Co.

Kevin F. Carr, Southfield, Mich., for Albert and Sandra Klix.

## MEMORANDUM OPINION AND ORDER

GEORGE E. WOODS, Bankruptcy Judge.

This matter comes before the Court upon a motion for summary judgment filed by Albert and Sandra Klix, defendants herein.

An adversary complaint was filed by Ford Motor Credit Company, plaintiff herein, wherein Ford sought an exception to the discharge of the debtor on the basis of fraud and willful, malicious injury arising out of the operation of Al Klix Ford, Inc.

In 1979, the plaintiff sued the defendants in St. Clair County Circuit Court alleging fraud. On November 2, 1979, the Honorable James T. Corden issued an opinion and decision wherein he dismissed the plaintiff's allegations of fraud against the defendants.

The defendants contend that the Circuit Court decision is res judicata as to the fraud count contained in the plaintiff's present complaint and, therefore, this Court should hold itself bound to the State Court judgment.

A Bankruptcy Court is not bound by the legal and factual determinations made in a State Court where the Bankruptcy Court is determining the dischargeability of a debt. The Bankruptcy Court has exclusive jurisdiction over dischargeability issues. *Brown v. Felson*, 422 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

This Court may consider the State Court findings as evidence when determining whether a motion for summary judgment should be granted. *Carey Lumber Company v. Bell*, 615 F.2d 370 (5th Cir. 1980). In *Carey*, the Appellate Court affirmed the trial court's summary judgment in favor of the plaintiff because the defendant failed to show the existence of a material fact by affidavit or otherwise. The Court considered the State Court consent judgment involved in *Carey*. The Court stated:

"Where the judgments contained rather detailed recitations of the findings upon which they were based, findings which closely paralleled the language of the bankruptcy act's dischargeability exception for debts created by the bankrupt's fraud, the bankruptcy judge properly considered those judgments as evidence in connection with the motion for summary judgment."

This Court has considered the State Court opinion and finds that it is not sufficiently detailed so as to resolve the legal and factual issues which exist herein, namely, whether fraud was committed by the debtor.

The motion for summary judgment is, therefore, denied.

So ordered.