In re Robert H. CLAYTON and Elizabeth H. Clayton, Debtors.

Michael J. CRONIN and Susan J. Cronin, his wife, Plaintiffs,

v.

Robert Harold CLAYTON, Defendant.

Bankruptcy No. 80–00655–BKC–TCB.
Adv. No. 80–0224–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

Dec. 12, 1980.

**6**

William R. H. Broome, West Palm Beach, Fla., for plaintiffs.

Angus J. Campbell, West Palm Beach, Fla., for debtor/defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

This amended adversary complaint by two creditors seeks a money judgment and a determination that the claim is non-dischargeable under 11 U.S.C. § 523(a)(2)(A), false representation or fraud, or (4), defalcation as a fiduciary (C.P. No. 6a). The debtor has answered (C.P. No. 10). The matter was tried on December 2. This order incorporates findings and conclusions as authorized by B.R. 752(a).

In October, 1979, plaintiffs contracted with the debtor husband, a general contractor licensed under chapter 489, Florida Statutes, for the construction of a home. There was a construction loan with the usual provision for five periodic draws as construction progressed. The job proceeded without incident through the first three draws. At the point problems began, the drywalls, plumbing and electrical work were in and the house was ready for plastering and final completion.

On May 29, 1980, the debtor husband picked up his check for the fourth draw, $19,900, and immediately cashed it at the maker's bank, getting $5,100 in cash and the rest $14,800, in a cashier's check which he immediately deposited in his bank. With the exception of two small checks, he disbursed all of the $14,800 by the following day.

Of the total draw, he spent $12,871 to pay bills on the plaintiff's job. The balance, $7,029 was spent to pay various personal bills, including $2,800 to his attorneys, $560 of which was to represent him in bankruptcy.

No more work was done on the job, the last active job the debtors had.

On the morning of the day after he collected the draw, the debtors went to their attorney, signed a bankruptcy petition and drove from Palm Beach to Miami to file the petition at 3:00 p. m. that afternoon.

The work required for the fourth draw had not been completed. The labor and materials already consumed in the house had not been fully paid for and were not paid in full from the draw. There were two unpaid lienors owed $4,148. The debtor did not pay plaintiffs $6,505 due them as allowances for appliances nor a $1,000 deposit for cabinets, both of which he had promised to pay from the draw. It cost the plaintiffs $14,007 over the contract price to complete this job and discharge all liens.

The debtor did not appear at the trial of this matter, other than through his attorney.

I find that the debtor husband obtained $7,029 from the plaintiffs by false representation upon which they relied and by actual fraud. He obtained a construction draw, chargeable to their account, on the representation that all labor and materials had been paid or that he would immediately pay them from the draw. He then had no intention of doing so and he immediately converted that sum to his personal use

as part of a preconceived plan to abandon his contract and file for bankruptcy, which he did within 24 hours. Plaintiffs are, therefore, entitled to judgment in that amount against the debtor husband and that debt is non-dischargeable under the provisions of 11 U.S.C. § 523(a)(2)(A). *Collier on Bankruptcy* (15th ed.) § 523.08.

Plaintiffs argue that this debt is also non-dischargeable under § 523(a)(4), because the debtor is a fiduciary within the context of this statute. *In re Romero*, 10 Cir. 1976, 535 F.2d 618, 621, so holds and the Florida statute (§ 489.129) is indistinguishable from the New Mexico statute relied upon in that case. However, *Matter of Angelle*, 5 Cir. 1980, 610 F.2d 1335, 1339 reviews *Romero* and rejects the conclusion reached by the decision in the 10th Circuit. I am, of course, bound by the recent decision in our Circuit. See also *Collier on Bankruptcy* (15th ed.) § 523.14[c], which supports the conclusion of the 5th Circuit.

The plaintiffs argue that the amount of their claim which should be declared nondischargeable is $14,007, the total damages they have proved for breach of the construction contract. I disagree. Section 523 excepts from discharge:

> "... any debt ... for obtaining money ... by (A) false pretenses, a false representation or actual fraud..."

It does not except from discharge any other claim the defrauded party may have against the debtor. Accord *Household Finance Corp. v. Danns*, 2 Cir. 1977, 558 F.2d 114, 116; Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978) 7779, U.S.Code Cong. & Admin.News 1978, p. 5787. The only part of the debt owed the plaintiffs which was incurred within these provisions is that part of the construction fund misappropriated by the debtor husband. The rest of his debt to the plaintiffs was for breach of contract. Put another way, had plaintiffs sued the debtor in the State court solely for fraud, their damages would have been $7,029. 37 *Am.Jur.2d*, Fraud and Deceit, § 342.

Plaintiffs again rely on *Romero*, which did allow as a non-dischargeable judgment

all expenses incurred by the owner-plaintiff which were "a direct consequence of Romero's failure to perform his agreement with Allen." The case is not applicable here, partly because we cannot follow the 10th Circuit's conclusion that the debtor was a fiduciary and, additionally, because that court allowed both attorney's fees and interest as part of the damages and neither is an element of damages under Florida law. *Martin v. Paskow*, Fla.App.1976, 339 So.2d 266, 267; *Hauser v. Van Zile*, Fla.App.1972, 269 So.2d 396, 399.

It follows that plaintiffs are entitled to judgment against the debtor Robert H. Clayton in the sum of $7,029 together with a determination that the judgment debt is non-dischargeable in bankruptcy under the provisions of 11 U.S.C. § 523(a)(2)(A). As is required by B.R. 921(a), a separate judgment will be entered so providing. Costs will be taxed on motion.