**In re Byron SMITH, Debtor.**

**Sarah L. CUNEO, Plaintiff,**

**v.**

**Byron SMITH, Defendant.**

**Bankruptcy No. 81–1–0517.
Adv. No. 81–0238A.**

United States Bankruptcy Court,
D. Maryland.

Oct. 27, 1982.

Richard Gins, Washington, D.C., for debtor/defendant.

Charles Lazar, Rockville, Md., for plaintiff.

Gregory Wilson, Laurel, Md., trustee of debtor's estate.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

This matter was presented for hearing on the Complaint to Determine the Dischargeability of a Debt filed by Sarah L. Cuneo (plaintiff) against Byron Smith (defendant). Plaintiff seeks to deny the discharge of a debt in the amount of $6,000.00, representing money loaned to Mr. Smith on or about June 18, 1979. Plaintiff alleges that defendant obtained the loan as a result of false pretenses and misrepresentations as set forth in 11 U.S.C. § 523(a)(2)(A). The pertinent parts of which are:

*Exceptions to discharge—*

(a) A discharge under section 272, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The facts in this case are as follows. At the time of the loan transaction, plaintiff was a hair stylist. Defendant operated his own business, Augustus, a wholesale men's clothing concern. Plaintiff became familiar with Mr. Smith when he visited her place of employment for haircuts, shoe shines, and facial treatments. Plaintiff worked near the National Airport, and defendant would drop by on his way in and out of the area. On many occasions, Mr. Smith would discuss large business deals in the shop, impressing Ms. Cuneo with his substantial position and knowledge of financial affairs. She would discuss investments with him, since she had just inherited $29,000.00 that she placed in a savings account to enable her to purchase a home of her own. As plaintiff and defendant became acquainted, they met socially, going out for dinner and developing a personal relationship. Plaintiff further testified that defendant approached her in June, 1979, and inquired about borrowing $8,000.00. Plaintiff stated

that she gave him $6,000.00 on the basis of Smith's representation that the money was needed immediately so that he could close a settlement on the purchase of a condominium which was set for the following day. If he was unable to close it, he would lose the favorable status accorded occupants in condominium conversions.

The court finds as fact: that the defendant obtained the $6,000.00 from Ms. Cuneo by false pretenses and the false representation that he intended to use the proceeds to purchase a condominium unit the next day when that was not the fact; that there was no banker who had forgotten to note "O.K." on his loan application; and that the funds to repay her were not merely waiting the return of the banker. Without the request from Mr. Smith for the use of the money for fictitious purpose, Ms. Cuneo would not have made the loan. The issuance of the promissory note by Mr. Smith, after he had driven Ms. Cuneo on her lunch hour to pick up a cashier's check from her bank, was an afterthought on his part and not requested by Ms. Cuneo. She relied on Mr. Smith's statement that when the non-existent banker returned, he would complete the form he had neglected to finish and funds would be released by the bank for her. Based on their relationship, her reliance was reasonable. The court finds an intent to deceive Ms. Cuneo.

The court believes Ms. Cuneo's version of the incident and does not believe Mr. Smith's statement that this was a simple loan transaction secured by commissions he was to receive in the future.

■ The issue presented is whether defendant's actions amounted to false pretenses pursuant to § 523(a)(2)(A) of the Bankruptcy Code and, as such, created a non-dischargeable debt. For a debt to be held non-dischargeable as a result of false pretenses or misrepresentations, the following elements must be established at the time the property was obtained:

(1) The debtor must have obtained the property by means of representations which he knew were false or which were made with reckless disregard for their truthfulness;

(2) The debtor must have an intent to deceive, which may be inferred from the knowing or reckless representation made to induce another to transfer property to the debtor;

(3) The creditor must actually and reasonable rely on the misrepresentation. *In Re Carini v. Matera*, 592 F.2d 378 (7th Cir. 1979); *In Re Ratajczak*, 5 B.R. 583, 586 (Bkrtcy.M.D.Fla.1980).

■ In light of the aforementioned elements and in viewing the facts of this case in their totality, it is apparent that the defendant received monies from the plaintiff as a result of false pretenses as that term is defined in the Bankruptcy Code, and, therefore, the claim is not dischargeable. The questions of knowing or reckless falsehood and intent to deceive are questions of fact. *In Re Nelson*, 561 F.2d 1342, 1347 (9th Cir.1977); *In Re Matera, supra* at 380. Moreover, "[t]he ultimate facts required to make . . . [523(a)(2)(A) ] operative must . . . be inferred in most instances . . . since they involve a conclusion as to the state of mind of the maker of the representation" *In Re Falk of Bethlehem*, 3 B.R. 266 (Bkrtcy.D.N.J.1980).

■ The court finds as fact that defendant obtained the $6,000.00 by means of representations which he knew were false. Evidence adduced at the hearing shows that defendant knew that there would be no settlement for the purchase of a condominium.

Secondly, a debtor's intent to deceive may be inferred from his false representation to the plaintiff. The court finds that at the time defendant received the monies from plaintiff, he had no intention of purchasing the condominium and had not fulfilled the requirements as he stated to plaintiff.

Third, the court observed the parties at the hearing, and their appearance and demeanor. Plaintiff is and was an unsophisticated hair stylist inexperienced in financial matters taken in by a sophisticated high-powered businessman.

In conclusion, the court finds that defendant knew at the time he received the monies from plaintiff that he would not use them as he promised falsely for settlement the next day on the purchase of a condominium, and that the money was to be used only until his "banker" returned to complete the form he had forgotten to finish. Thus, having concluded that defendant received the monies by false pretenses and misrepresentations, the debt of $6,000.00 owed to plaintiff is found to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A). The court will enter an order in accordance with these findings.