In re Ernest Eugene WEST, a/k/a Ernest E. West and Marion G. West, Debtors.

SOUTHEAST SERVICES, INC., Plaintiff,

v.

Ernest Eugene WEST, a/k/a Ernest E. West and Marion G. West, Defendants.

Bankruptcy No. 83–00228–BKC–SMW. Adv. No. 82–0441–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

July 8, 1983.

---

Frank Joseph Heston, Tamarac, Fla., for debtors.

Steven W. Deutsch, Miami, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having coming to be heard upon a Complaint to Determine Dischargeability filed herein and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Southeast Services, Inc. (Southeast), the plaintiff herein, challenges the dischargeability of debts incurred by the debtors, Ernest and Marion West, through use of four separate credit card accounts enumerated as follows: Mastercard account no. 7790, Mastercard account no. 3192, Visa account no. 6643 and Visa account no. 2518. The total sum of credit purchases on the four accounts sought to be discharged is $15,185.79. The basis of Southeast's challenge to dischargeability is that pursuant to Bankruptcy Code Section 523(a)(2)(A) the debts are ones "for obtaining money, property, services or an extension, renewal or refinance of credit by false pretenses, a false representation, or actual fraud...".

To prevail, Southeast must prove that the debtor made a materially false representation, that the representation was made with the intent to defraud and that the creditor relied on the false representation. *Matter of Banasiak,* 8 B.R. 171 (Bkrtcy.M.D.Fla.1981). Several Bankruptcy Courts have held that "The purchase of merchandise by use of a credit card is an implied representation to the merchant and to the issuer of the card, that the buyer has the means and intention to pay for the purchase." *Matter of Banasiak* at 174. See also *Matter of Ratajczak,* 5 B.R. 583 (Bkrtcy.M.D.Fla.1980), *Matter of Hadley,* 25 B.R. 713 (Bkrtcy.M.D.Fla.1982).

The Court finds that after making payments in November, 1982, on each account the debtors no longer paid for, or intended to pay for, the goods purchased with credit cards. Accordingly the Court finds that the credit purchases made by the debtors after the date of the last payment on each account are nondischargeable. The following table summarizes the evidence in this regard:

| Account Number | Date of Last Payment | Charges Thereafter |
|---|---|---|
| MC #7790 | November 20, 1982 | $4,311.09 |
| MC #3192 | November 11, 1982 | $ 885.92 |
| VISA #6643 | November 11, 1982 | $ 869.99 |
| VISA #2518 | November 13, 1982 | $ 844.00 |
| Total | | $6,911.00 |

The Court finds that the debtors used their credit cards in making purchases when they knew or should have known that they would be unable to pay for such purchases. Such behavior constitutes false representation relied upon by a creditor as contemplated in the cases cited above.

The Court concludes that the total sum of $6,911.00 is nondischargeable since it represents credit purchases made when the debtors had made an implied representation that they would and could pay for those purchases and yet had no intention to make payment.

A separate Final Judgment will be entered in accordance with this Findings of Fact and Conclusions of Law.