**In re Jerome Leo SCHMIDT, dba J & J Livestock, Debtor.**

**Arthur HOEFS and Robert Jakes, Plaintiffs,**

**v.**

**Jerome SCHMIDT, aka Jerry Schmidt, Defendant.**

**Bankrtupcy No. BKY 3–82–917.**
**Adv. No. 3–82–385.**

United States Bankruptcy Court, D. Minnesota.

Feb. 8, 1984.

Patrick J. Moriarty, New Ulm, Minn., for debtor.

Michael T. Keogh, Le Center, Minn., for plaintiffs.

## ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the court on the plaintiffs' complaint seeking a determination that the debt owed them by the debtor as evidenced by a state court judgment in the amount of $14,000.00 is a non-dischargeable debt pursuant to 11 U.S.C. 523(a)(2)(A) and/or 523(a)(6). The Scott County District Court judgment is based on a jury's finding of actual fraud by the debtor in the sale of certain diseased hogs. The state trial court's judgment was affirmed on appeal by the Minnesota Supreme Court.

Now, based upon the file, exhibits, and arguments of counsel, the court makes the following order pursuant to the rules of bankruptcy procedure.

### I

At the time the debtor filed his voluntary Chapter 7 bankruptcy petition on May 17, 1982, the debtor was operating a livestock business and farm. In December of 1976, the debtor had taken eight sows to the Belle Plaine Auction Barn where he placed them for consignment sale under the name "E.E. Schultz." E.E. Schultz is a reputable hog farmer living in the Belle Plaine area. (Scott County Trial Transcript, p. 9, 55). The hogs were purchased by the plaintiffs and taken to their respective farms. The next day the sows appeared to be very ill. Within the week each plaintiff's entire hog herd was ill with a viral infection known as T.G.E. Despite medical intervention by veterinarians, the plaintiffs suffered severe hog losses. (Scott County Trial Transcript, p. 43, 46, 114, 116).

The plaintiffs then initiated a state court action against the debtor alleging fraud in the sale of the hogs by virtue of the debtor's use of the false name "E.E. Schultz" and certification that the hogs had not been exposed to any other animals afflicted with any communicable infectious disease within 30 days of the sale. The jury returned a judgment in favor of Arthur Hoefs in the amount of $5,000.00 representing his actual damages and awarded him an additional $2,500.00 as punitive damages. Robert Jakes, the other plaintiff herein, was awarded a judgment in the sum of $4,000.00 as his actual damages and was also awarded punitive damages in the amount of $2,500.00. The judgments were based on the jury's finding of actual fraud and willful and malicious injury. (Scott County Trial Transcript, p. 299–302). The debtor then appealed the judgment to the Minnesota Supreme Court. That court affirmed the Scott County District Court's judgment on December 15, 1980.

The debtor then filed a Chapter 7 bankruptcy petition in 1982 and sought to discharge his debt to the plaintiffs. The plaintiffs filed a complaint to determine the dischargeability of their debt and alleging that the debt was not dischargeable because it was incurred through fraud and willful and malicious injury—both excepted from discharge under 11 U.S.C. 523(a)(2) and 523(a)(6).

### II

After a thorough review of the Scott County District Court Transcript, this court is convinced that the actual damages judgments are non-dischargeable debts pursuant to 11 U.S.C. 523(a)(2) and 523(a)(6). A careful examination of the trial court's jury instructions reveals that the criteria which must be met to justify an award of actual damages for fraud (Scott County Trial Transcript, p. 299–300) and an award of punitive damages (Scott County Trial Transcript, p. 302) in the state court are the identical standards which the plaintiffs would have to prove in this court. See In Re LaCasse, 28 B.R. 214 (Bkrtcy.Minn.1983) and In Re Fasulo, 25 B.R. 583 (Bkrtcy.Conn. 1982); In Re Clayton, 9 B.R. 5 (Bkrtcy.Fla. 1980); In Re Spector, 22 B.R. 226 (Bkrtcy. N.Y.1982). Although this court is not bound in any way by the state court's determination, Brown v. Felsen, 442 U.S. 127 (1979), applying collateral estoppel in this

case is consistent with *Brown* and makes efficient use of this court's time.

■ There are four criteria which must be satisfied to justify application of collateral estoppel. *Matter of Supple,* 14 B.R. 898, 903 (Bkrtcy.Conn.1981) and cases cited therein. First, the issues must be the same in both actions. The state court's judgment rested on a finding of fraud and malicious injury. The same issues arise in this non-dischargeability action. The second requirement is that the issues were actually litigated in the first action. The state court held a five-day trial trial in 1979 devoted solely to the issues of fraud, willful injury, and damages. Therefore, the second criteria is fully satisfied. Third, the issue must have been determined by a valid and final judgment. In this case, the plaintiffs' judgments were affirmed by the Minnesota Supreme Court. Such a decision is certainly final and valid. Finally, the determination of the issues must have been essential to the final judgment. Again, the state court judge made clear that the jury must find all the criteria he listed to them to make a finding of fraud. Such a finding was necessary to award the plaintiffs any damages. The state court judge also fully defined "willful and malicious" and the jury was required to specifically find that the debtor acted in a willful or malicious manner before it could award punitive damages.

■ Based on the jury's finding that the debtor committed fraud and injured the plaintiffs willfully and maliciously, the court finds that their debt is non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(A) and 523(a)(6). As stated supra, a careful review of the state court trial transcript reveals that there is no disparity between the standards used in the state court proceeding and the standards for "fraud" and "willful and malicious" under Sections 523(a)(2)(A) and 523(a)(6) respectively.

### III

Having determined that the plaintiffs have non-dischargeable debts, the court must now determine the amount of debt that is non-dischargeable. The debtor argues that the maximum recovery the plaintiffs could receive is the purchase price of the hogs. The debtor argues that the language in Section 523(a)(2) which states "for obtaining ..." limits a creditor's recovery to the amount the debtor received. However, courts have not limited recovery to that interpretation. Some courts apply an out-of-pocket approach limiting creditors' recovery to actual loss sustained while others employ the benefit-of-the-bargain rule under which damages are measured by the difference between the value of what the defrauded party received and the value of what he would have received had there been no fraudulent misrepresentation. See, e.g., *In Re Pollina,* 31 B.R. 975 (D.C.D.Ct.N.J.1983); *In Re Morris,* 31 B.R. 474, 475, at 479 (Bkrtcy.Ill.1983); *In Re West,* 31 B.R. 426, at 428 (Bkrtcy.Fla.1983); *In Re Fasulo,* 25 B.R. 583 (Bkrtcy.Conn.1982); *In Re Smith,* 25 B.R. 396, at 398 (Bkrtcy.Md.1982); and *In Re Clayton,* 9 B.R. 5 (Bkrtcy.Fla.1980). If this court was determining that the debt was non-dischargeable solely under Section 523(a)(2), the plaintiffs could recover only the purchase price paid for the hogs. This court has also determined that the debt is non-dischargeable under Section 523(a)(6).

Section 523(a)(6) excepts from discharge "any debt for willful and malicious injury." The state court assessed punitive damages on the basis of determining the debtor's fraud was willful and malicious. This court, utilizing the state court's determination that the injury was willful and malicious, determines that the plaintiffs' judgments for their actual damages are non-dischargeable debts. The plaintiffs' actual damages were a direct result of the debtor's fraud. Accordingly, those damages are non-dischargeable pursuant to Section 523(a)(6).

The plaintiffs argue that the entire amounts of their judgments, including the punitive damages awards, should be non-dischargeable. The awarding of punitive damages is used as a form of punishment to the debtor, not as compensation for injury to the plaintiffs. To find the punitive dam-

ages awards non-dischargeable debts would contravene the Bankruptcy Code's underlying policy of giving debtors a "fresh start." In this case, the court is convinced that the plaintiffs are adequately compensated by awarding them their actual damages.

THEREFORE, IT IS ORDERED:

1. The plaintiff Arthur Hoefs' debt in the amount of $5,000.00 is a non-dischargeable debt.

2. The plaintiff Robert Jakes' debt in the amount of $4,000.00 is a non-dischargeable debt.

3. Arthur Hoefs is hereby granted judgment against Jerome Schmidt in the amount of $5,000.00.

4. Robert Jakes is hereby granted judgment against Jerome Schmidt in the amount of $4,000.00.