**In the Matter of Carol J. LAMPIEN, Debtor.**

**MILWAUKEE BOSTON STORE, Plaintiff,**

v.

**Carol J. LAMPIEN, Defendant.**

**Bankruptcy No. 83–01959.
Adv. No. 83–0996.**

United States Bankruptcy Court,
E.D. Wisconsin.

June 10, 1985.

Randy J. Wynn, Law Office of Robert W. Kohn, Milwaukee, Wis., for plaintiff.

Emmett A. Gambrell, Phillips, Gambrell & Jones, Milwaukee, Wis., for defendant/debtor.

C.N. CLEVERT, Bankruptcy Judge.

This adversary proceeding was tried before the court on the complaint of the Milwaukee Boston Store, seeking a determination of the dischargeability of a debt for credit card purchases pursuant to 11 U.S.C. § 523(a)(2)(A). Attorney Randy J. Wynn appeared for the plaintiff, Milwaukee Boston Store, and Attorney Emmett A. Gambrell appeared for the defendant/debtor, Carol J. Lampien.

### FINDINGS OF FACT

The court having reviewed the record, heard and considered the testimony and exhibits does find:

1. Carol J. Lampien (Lampien) is a debtor under Chapter 7 of the Bankruptcy Code as a result of the entry of an order for relief on May 23, 1983.

2. Lampien is employed as a compensation claim correspondent by Employers Insurance of Wausau and resides with her teenage son at 165 N. 91st Street, Milwaukee, Wisconsin 53226.

3. In 1983 Lampien earned $17,642.90 which included $3,629.30 income from part time employment with American Automobile Association, Inc.

4. Lampien's only other income was $125.00 per month child support, however, she did not receive that payment in January and May of 1983.

5. Between April 9, 1983, and April 16, 1983, Lampien utilized charge cards issued to her by the Milwaukee Boston Store to obtain merchandise and credit in the sum of $1,917.92.

6. Prior to April 9, 1983, Lampien's Boston Store charge account balances totalled $325.34.

7. In March of 1983, Lampien's household expenses and minimum monthly charge card expenses totalled more than $2,600, whereas her gross monthly income plus child support totalled approximately $1,600.

8. After March 13, 1983, Lampien did not make payments on any of her thirteen charge accounts; there was no available credit on some of her charge accounts; several charge accounts were past due; and, several account statements said the accounts had been referred to collection departments for action.

9. Around March 17, 1983, Republic Savings and Loan Association denied Lampien's request for a loan stating that her credit was over extended.

## CONCLUSION OF LAW

■ 1. A debt owed by an individual debtor may be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) if it arose from the debtor's materially false pretenses or materially false representations; if the debtor knew that the representations were false when made; if the debtor intended for the creditor to rely upon the representations; and if the creditor reasonably relied upon the representations. *Carini v. Matera* 592 F.2d 378 (7th Cir. 1979) *In re Thomas J. Pugh (Universal TV Rental, Inc. v. Thomas Pugh)* Case No. 83–04675 (Bankr.E.D. WI March 1, 1985).

■ 2. Between April 9, 1985, and April 16, 1985, Lampien knowingly, falsely and intentionally represented to the Milwaukee Boston Store that she could pay for the credit purchases made using her charge cards.

3. Lampien knew that she would not be able to pay the Milwaukee Boston Store for the purchases she made between April 9, 1985 and April 16, 1985. *In the Matter of Klein (Citibank South Dakota N.A. v. Klien),* 32 B.R. 79, 80 (Bankr.S.D.Fla.1983). *In re West (Southeast Services, Inc. v. West),* 31 B.R. 426 (Bankr.S.D.Fla.1983)

4. Lampien intended for Milwaukee Boston Store to rely upon her representation and the Milwaukee Boston Store reasonably relied upon her misrepresentation to its detriment.

5. Lampien is indebted to the Milwaukee Boston Store in the sum of $1,917.92.

6. Lampien's debt to the Milwaukee Boston Store is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).