Ross W. Krumm, Charlottesville, Va., for plaintiffs.

James R. Sheeran, Richmond, Va., for defendant.

**In re Larry Austin CRISWELL and Emila Criswell, Debtors.**

**Ronald LISK and Patricia Lisk, Plaintiffs,**

**v.**

**Larry Austin CRISWELL, Defendant.**

**Bankruptcy No. 83–01721–R.**

**Adv. No. 84–0068–R.**

United States Bankruptcy Court, E.D. Virginia.

Nov. 1, 1984.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the defendant's motion to dismiss the plaintiffs' complaint. The grounds asserted by the defendant for dismissal are that the Court lacks jurisdiction under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure to hear Count Five of the plaintiffs' complaint and that the entire complaint for nondischargeability of a debt is time-barred for not having been filed within sixty days following the first meeting of creditors under Bankruptcy Rule 4007(c). Upon the covening of a hearing in this matter for the purpose of considering the defendant's motion to dismiss, the defendant withdrew its objection as to the timeliness of the filing of the complaint. At the conclusion of the hearing, the Court took the matter under advisement and ordered the parties to file briefs solely on the question of whether this Court has jurisdiction to hear Count Five of the plaintiffs' complaint. Upon consideration of the briefs filed by the parties as well as the evidence presented at the hearing on June 22, 1984, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The plaintiffs' complaint seeks relief under 11 U.S.C. § 523 upon certain factual

allegations. On January 25, 1983, the Lisks entered into a contract with Criswell and Associates, Inc. for the purchase of a certain lot of real property and the construction of a single family dwelling thereon. The total purchase price was $102,000. The defendant, Larry Austin Criswell, was the President of Criswell and Associates, Inc. and a stockholder and director of the company. It was the defendant, Criswell, who negotiated the contract with the Lisks for the purchase and sale of the lot and house which was the subject of the contract of January 25, 1983.

The agreement between Criswell acting on behalf of Criswell and Associates, Inc. and the Lisks provided that Criswell and Associates, Inc. would retain title to the property until closing. The Lisks were not required to obtain any construction financing for the construction of the dwelling on the property. However, the Lisks did make various payments to Criswell and Associates, Inc. beginning January 25, 1983 and running to May 16, 1983. These payments totaled approximately $59,000.

Construction was to be completed by Criswell and Associates, Inc. on May 9, 1983. Closing was set for that date. The Lisks had obtained a permanent loan commitment for financing the property which would enable them to close on that date. However, closing did not take place on May 9, 1983 because construction had not been completed.

On May 6, 1983 the defendant, Criswell, used the lot on which the Lisks' home was being built as security for a loan from John Hanson Savings & Loan Association in which Criswell caused to be placed on the property an $81,600 deed of trust lien. The plaintiffs state that on information and belief, no part of the $81,600 loan secured by the property was ever used for construction of the Lisks' home. The plaintiffs had no knowledge of and did not consent to the placing of this lien on the property.

On August 4, 1983 the closing took place. The defendant, Criswell, on behalf of Criswell and Associates, Inc., delivered a general warranty deed conveying the property to the Lisks. At the same time, the Lisks transferred to Criswell and Associates, Inc., a sum of $19,519.27. The plaintiffs complain that at no time during the closing, or thereafter, did Criswell disclose to the Lisks the existence of an $81,600 deed of trust on the property. This deed of trust was never released and remains a lien against the property.

In reliance on the issuance of the general warranty deed the Lisks closed on their permanent loan for financing the property by executing a deed of trust in favor of their lender in the amount of $34,000. The plaintiffs complain that because of the $81,600 lien placed on the property by Criswell, the deed of trust executed by them to secure the permanent loan to finance the property is now subordinate to the lien in favor of John Hanson Savings & Loan Association. The plaintiffs' complaint alleges damages in the amount of $96,025 and asks this Court to award those damages and determine the debt to be nondischargeable under 11 U.S.C. § 523.

Count One of the complaint contends that Criswell obtained money from the Lisks by false pretenses, false representation, and actual fraud and prays for a determination of nondischargeability under § 523(a)(2)(A). Count Two contends that Criswell stood in a fiduciary capacity to the Lisks and that by delivering a general warranty deed to the property at closing without releasing the $81,600 deed of trust, Criswell perpetrated fraud and defalcation which would make any judgment awarded by this Court for damages nondischargeable under § 523(a)(4). Count Three alleges that Criswell's conduct amounted to embezzlement which would also make the debt nondischargeable under § 523(a)(4). Count Four likewise seeks a determination of nondischargeability under § 523(a)(4) alleging that Criswell's conduct constitutes larceny. Finally, Count Five of the plaintiffs' complaint seeks punitive damages against Criswell in the amount of $150,000 on grounds that Criswell's conduct was intentional and outrageous, and, therefore, constituted a wilful and malicious injury to

the Lisks and their property for which the plaintiffs seek a judgment in the stated amount and a declaration of nondischargeability under § 523.

The defendant filed his motion to dismiss on April 27, 1984 pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7012 seeking (1) dismissal of Count Five of the plaintiffs' complaint on grounds that this Court has no jurisdiction to award punitive damages in a complaint to determine the dischargeability of a debt, and (2) that the complaint is time-barred inasmuch as the last date for filing objections to the dischargeability of a debt was February 20, 1984 and this complaint was filed February 21, 1984.

At the hearing on June 22, 1984 the defendant withdrew his allegation that the complaint was not timely filed upon this Court's finding that February 20, 1984 was a "legal holiday" within the meaning of Bankruptcy Rule 9006(a) and, thus, not included in the computation of time for filing complaints for the dischargeability of debts where the legal holiday falls on the last day of the time period. Therefore, the only issue currently before the Court on the defendant's motion to dismiss is whether or not this Court can hear Count Five of the plaintiffs' complaint.

## CONCLUSIONS OF LAW

On July 10, 1984, the Bankruptcy Amendments and Federal Judgeship Act of 1984, Public Law 98-353, (the "Act"), went into effect containing new jurisdictional provisions governing the bankruptcy courts. Pursuant to § 122(a) of the transitional provisions of the Act, the new jurisdictional provision, 28 U.S.C. § 1334, went into effect on the date of enactment. The procedures for carrying out § 1334 are found in 28 U.S.C. § 157. Together these sections form the jurisdictional framework upon which today's decision is based.

This Court's jurisdiction originates from a referral of jurisdiction from the district courts with whom the substance of title 11 has been entrusted. Section 157(b)(1) of Title 28 sets out more clearly the jurisdiction of the bankruptcy courts:

Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under § 158 of this title.

Section 157(b)(2) sets out the matters which are to be included in the term "core proceedings." Among the enumerated core proceedings found in § 157(b)(2) are the following:

(B) [the] allowance or disallowance of claims against the estate ... ; [and]

(I) determinations as to the dischargeability of particular debts.

28 U.S.C. § 157(b)(2)(B), (I).

Counts One through Four contain claims against Criswell's estate in the amount of $96,025 which, if reduced to judgment by this Court, may then be determined to be nondischargeable under 11 U.S.C. § 523. The defendant does not dispute the Court's jurisdiction over Counts One through Four.

The defendant does, however, dispute this Court's jurisdiction to hear Count Five relating to a claim of $150,000 in punitive damages. For the reasons which follow, this Court sees no distinction between Counts One through Four and Count Five.

Count Five of the plaintiffs' complaint is a "claim" against the estate. Section 157(b)(2)(B) gives the Court jurisdiction to hear the "allowance or disallowance of claims against the estate ...." The term "claim" is defined in 11 U.S.C. § 101(4)(A) to mean a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured ...." The statutes cited are clear and self-evident in their terms. This Court concludes that Count Five of the plaintiffs' complaint is a claim against the estate, the allowance or disallowance of which this Court has jurisdiction to hear under

§ 157(b)(2)(B). By making a finding that Count Five is core proceeding, this Court has complied with § 157(b)(3) which requires the bankruptcy judge to determine "whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." In making this determination, the Court is mindful of § 157(b)(3)'s admonition that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." The consequence of finding this matter to be a core proceeding is that this Court is not bound to submitting only proposed findings of fact and conclusions of law to the district court under § 157(c)(1).

Once this Court hears the Lisks' claim for punitive damages against Criswell, this Court must determine whether it is appropriate for judgment to be entered establishing liability. If at the trial of this matter, the Court shall determine that there is liability on this claim, the claim will have been reduced to a "debt" within the meaning of 11 U.S.C. § 101(11) which defines "debt" as "liability on a claim." It is this "debt" for which the Court must make a determination as to whether it shall be dischargeable or nondischargeable under § 523. The plaintiffs in Counts One through Four have alleged that any debt found to be owing to the Lisks should be nondischargeable under § 523(a)(2)(A) and (a)(4). These determinations are not properly before the Court at this time inasmuch as the trial set for November 8 and 9, 1984 has not been held nor evidence presented. This Court merely finds for purposes of this motion that Count Five is a core proceeding arising under the bankruptcy laws of the United States and one which this Court has jurisdiction to entertain.

As a consequence of the foregoing, the defendant's motion to dismiss Count Five of the plaintiffs' complaint should be denied.

An appropriate Order will issue.