**In re Ewen P. BARNETT, Jr., Debtor.**

**Jerry W. COOK, Plaintiff,**

**v.**

**Ewen P. BARNETT, Jr., Defendant.**

**Bankruptcy No. 3–87–02390(2)7.**
**Adv. No. 3–87–0603.**

United States Bankruptcy Court,
W.D. Kentucky.

Dec. 12, 1988.

Wallace H. Spalding, III, Louisville, Ky., for debtor.

Joseph J. Golden, Louisville, Ky., Asst. U.S. Trustee.

David M. Cantor, Louisville, Ky., for plaintiff.

## OPINION–ORDER

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter is currently before the Court on the issue of whether the Bankruptcy Court has the authority to award punitive damages under the circumstances presented in this case.

The debtor, Ewen P. Barnett, Jr., ("debtor") filed for Chapter 7 relief on September 8, 1987. Shortly thereafter, on November 30, 1987, Jerry W. Cook ("plaintiff") filed this adversary proceeding against the debtor or seeking a determination of the dischargeability of certain claims by the plaintiff against the debtor. Specifically, the plaintiff alleges that the debtor induced the plaintiff to invest $75,000.00 in a Campbell House Condominium/Hotel Project ("Campbell House Project") by falsely and fraudulently representing to plaintiff that he would receive one condominium/hotel unit, as well as varying percentages of the profits obtained from the entire Campbell House Project. In fact, the debtor gave nothing to the plaintiff in exchange for the $75,000.00, but, rather, converted the money to his own use and benefit. The plaintiff further alleges in his complaint that the debtor's conduct was willful, intentional and malicious, thus entitling the plaintiff to punitive damages, costs and attorneys fees in a sum to be determined by the Court.

The debtor was deposed on December 18, 1987, at which time it was agreed that the debtor would produce certain documents within thirty days. Upon the debtor's failure to produce said documents within a period of time repeatedly extended by Court order, the Court struck all pleadings of the defendant and further ordered judgment in favor of the plaintiff. The Court reserved judgment on the issue of whether the Court was authorized to award punitive damages.

First, in addressing the jurisdictional issue, the Court notes that the plaintiff's request for punitive damages is a claim against the estate, the allowance or disallowance of which this Court has jurisdiction to hear under 28 U.S.C. § 157(b)(2)(B). *In re Criswell*, 44 B.R. 95 (Bankr., E.D.Va. 1984). In determining whether or not the allowance of punitive damages is appropriate in this case, we must consult state law principles. Under Kentucky law, punitive damages are authorized only when the circumstances surrounding the tortious act indicate malice, willfulness or a reckless or wanton disregard for the rights of others. *Island Creek Coal Co. v. Rodgers*, 644 S.W.2d 339 (Ky.App.1983). *Chernick v. Fasig–Tipton Kentucky, Inc.*, 703 S.W.2d 885 (Ky.App.1986).

In this case, the defendant converted a substantial sum of the plaintiff's money ($75,000.00) for his own use and benefit by *fraudulently* representing to the plaintiff that in exchange for the money the plaintiff would receive a condominium unit plus profits from the Campbell House Project when, in fact, the plaintiff received nothing. Such an act on the defendant's part clearly constitutes a "conscious wrongdoing" and, at the very least, a "wanton disregard for the rights of the plaintiff", thereby justifying an award of punitive damages.

ACCORDINGLY, IT IS ORDERED that the Court is authorized to award the plaintiff punitive damages in this case.

IT IS FURTHER ORDERED that the circumstances surrounding this case warrant the imposition of punitive damages in an amount to be determined at a hearing set for January 17, 1988 at 11:00 A.M. at 413 United States Court House, 601 West Broadway, Louisville, Kentucky.