**In re George STODDARD, Stoddard Airways, and Century Aviation Sales, Bankrupt.**

**Raymond J. AAB, Trustee in Bankruptcy for George G. Stoddard, et al., Plaintiff,**

v.

**ELECTRONICS AND MANUFACTURING CORPORATION, Defendant.**

**Bankruptcy No. 79 B 192.**

United States Bankruptcy Court, S. D. New York.

Sept. 24, 1982.

---

Raymond J. Aab, New York City, pro se.

Irving L. Gartenberg, New York City, for defendant.

## DECISION ON LEVY MADE WITHIN FOUR MONTHS OF FILING OF BANKRUPTCY PETITION UNDER § 67(a)

EDWARD J. RYAN, Bankruptcy Judge.

George G. Stoddard ("Stoddard"), Stoddard Airways and Century Aviation Sales filed a voluntary petition to be adjudged bankrupt on February 6, 1979.

Plaintiff in the present action is the trustee [1] in the bankruptcy of George G. Stoddard, et al. Defendant is Electronics Manufacturing Corporation ("EMC"), a corporation from which the trustee seeks to recover the sum of $2,487.87.

On July 22, 1977, a judgment was entered in the Circuit Court for the County of Arlington, Virginia, against Stoddard in favor of EMC in the amount of $52,384.12, exclusive of interest. On or about October 3, 1977, EMC caused a writ of fieri facias to be delivered to the Sheriff of Arlington County in the Circuit Court for the County of Arlington.

Thereafter, a garnishment lien was served, pursuant to the writ, upon Stoddard's employer, United Airlines Corporation ("United"). Pursuant to the garnish-

ment lien EMC received payments in excess of $18,000. Subsequent executions were served on United, one of which was served on November 30, 1978, within four months of the filing of the bankruptcy petition.

Prior to and within four months of the filing of the bankruptcy petition, in compliance with the garnishment lien, United withheld the sum of $3,721.62 from Stoddard's earnings. Two-thirds of the amount withheld ($2,487.87) was thereafter distributed to EMC. These are the funds which the trustee asks the court to have returned to the bankrupt's estate pursuant to Section 67 of the Bankruptcy Act.[2]

State law which authorizes the garnishment proceeding, together with its judicial construction, governs in determining the incidence, duration, and operation of the garnishment liens. 4 *Collier on Bankruptcy* (14th ed.) 67.10 n. 5; *In re Marsters,* 101 F.2d 365 (7th Cir. 1938). According to a majority of states, including New York, if a garnishment lien attaches more than four months before the filing of the bankruptcy petition, but the payments in respect thereof are made within four months of the filing, then the payments themselves constitute liens within Section 67(a) of the Act. *In re Riddervold,* 647 F.2d 342, 7 BCD 921 (2d Cir. 1981); *In re Tamari,* 4 BCD 1028 (S.D.N.Y.1978); *Collier on Bankruptcy,* 67.-10 p. 131, n. 3a (14th ed.).

EMC claims that Virginia law should govern in this case since the garnishment summons was served on United in Virginia, was authorized by the provisions of Virginia Code § 8.01–511 and was made pursuant to a Virginia writ of fieri facias. EMC cites *In re Acorn Electric Supply, Inc.,* 348 F.Supp. 277 (E.D.Va.1972), for the holding that satisfaction of a lien during the four months preceding filing of the bankruptcy

---

1. Raymond J. Aab was elected and duly qualified as trustee shortly after the adjudication which was automatic on the filing of the petition.

2. 11 U.S.C. § 107 (as amended 1975). Liens and Fraudulent Transfers.

    a.(1) Every lien against the property of a person obtained by attachment, judgment, levy,

or other legal or equitable process or proceeding within four months before the filing of a petition initiating a proceeding under this Act by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this Act.

**228**

petition is not a preference if the lien was created more than four months before the filing. *In re Acorn* was decided under former Virginia Code § 8–411 which stated that a writ of fieri facias created a lien on the leviable property of a judgment debtor from the time the writ was delivered to the officer to be executed.

■ However, *In re Acorn* is not applicable herein. Virginia law has changed since the *Acorn* decision was handed down in 1972. Under present Virginia law, as revised in 1977, leviable property is only bound by a lien once it has actually been levied. (Code of Va.1950 § 8.01–478). The Reviser's Note reads:

> Section 8.01–478 is former § 8–411. The time at which the execution lien becomes effective is changed from that of its delivery to the officer to the time of actual levy.

■ The facts are not conclusive as to whether the garnishments made within four months of filing were made pursuant to the November 30, 1978 writ or pursuant to an earlier writ. However, for the purposes of this decision it is immaterial under which writ the garnishments were made. The lien attached within four months of the filing of the bankruptcy petition at the time of the actual levy.

EMC received $2,487.87 from United prior to and within four months of the Stoddard Bankruptcy proceeding. The garnishment liens and payments by the garnishee are liens under Section 67(a) of the Bankruptcy Act. The transfers are therefore null and void. The money received by EMC is property of the bankrupt's estate and that sum plus interest is to be turned over to the trustee.

Settle an appropriate order.