**In re Myron H. TERRY and Dorea N. Terry, Debtors.**

**Stephen G. BALSLEY, Trustee, Plaintiff,**

**v.**

**Myron H. TERRY and Dorea N. Terry, Defendants.**

**Bankruptcy No. 83-B-01000.**

**Adv. No. 84-A-2066.**

United States Bankruptcy Court, N.D. Illinois, W.D.

May 23, 1984.

Stephen G. Balsley, pro se.

Rolland J. McFarland, Rockford, Ill., for defendants.

### MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Complaint of the Trustee, Stephen G. Balsley, for Turnover of the proceeds from the sale of a vehicle. The Debtors, Myron H. Terry and Dorea N. Terry, represented by Attorney Rolland J. McFarland, ask that the proceeds be held to be within their exemptions.

The facts are not in dispute: Mr. Terry owns, free and clear of liens, a vehicle having a value of $2200. He is entitled to an exemption of $1200 in the vehicle under Illinois Revised Statutes Chapter 110, Section 12-1001(c). The question is whether he may, in addition, apply the unused portion ($1,000) of his "wild card" exemption, Illinois Revised Statutes Chapter 110, Section 12-1001(b), to the remaining equity in the vehicle.

S12–1001. Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment or distress for rent:

(a) The necessary wearing apparel, bible, school books, and family pictures of the debtor and the debtor's dependents; and

(b) The debtor's equity interest, not to exceed $2,000 in value, in any other property;

(c) The debtor's interest, not to exceed $1,200 in value, in any one motor vehicle;

(d) . . .

The case is submitted to the Court over briefs of counsel.

I find and conclude that a Debtor in Illinois may "stack" his exemptions in one motor vehicle. That is to say, a Debtor may use the full $1200 exemption of Section 12–1001(c) and then apply the unused exemption of 12–1001(b) to the same vehicle. A Debtor could, therefore, exempt a vehicle up to $3200, if the entire $2,000 exemption of 12–1001(b) were not otherwise used.

The phrase "any other property" in Section 12–1001(b) includes ANY other property of the estate, including *the equity remaining in a motor vehicle after the exemption of 12–1001(c) is used.* Section 12–1001(b) is in the nature of a "wild card" exemption, intended to give the Debtor some additional property in the event anything remains after using his other exemptions.

Thus, after Mr. Terry exempts $1200 in his motor vehicle, he may exempt up to an additional $2,000 in "any other property". "Other property" does not refer only to property other than the motor vehicle. The remaining equity in the motor vehicle *is* other property.

I do not find *In Re Pastorek, Jr.,* 33 B.R. 406, distinguishable. I find it wrong. The assertion that the difference between "any property" and "any other property" in the federal and state exemptions, respectively, was intended to prohibit stacking of exemptions is rejected. It is too strained an interpretation that "other" was inserted, cognitively, by the Illinois Legislature, for the purpose of excluding any additional equity in those items of property which already can be exempted to some extent under another section.

This Court is aware of no language in the legislative history of the Illinois exemptions which leads to such a restrictive conclusion. Exemptions are to be broadly construed in favor of the debtor.

Attorney McFarland should submit an Order in accordance with this Memorandum Opinion.