**In re John F. KEINATH, Debtor.**

**Bankruptcy No. 185-02584.**

United States Bankruptcy Court,
C.D. Illinois.

May 16, 1986.

James S. Brannon, Peoria, Ill., for debtor.

Arthur G. Greenberg, Westervelt, Johnson, Nicoll & Keller, Peoria, Ill., for Hyster Credit Union.

### DECISION

WILLIAM V. ALTENBERGER,
Bankruptcy Judge.

This matter is before the Court on the motion of one of the debtors, John F. Keinath, to avoid the judicial lien of Hyster Credit Union (Hyster) pursuant to Section 522(f)(1) of the Bankruptcy Code. It presents yet another encounter with a debt-

or's attempts to recover wages garnished pursuant to Illinois statute. The increasing number of such cases invites this court to reconsider the issues involved. The issues here are (1) whether Hyster had a judicial lien against the debtor's wages at the time he filed his bankruptcy petition, and, if so (2) whether that lien impairs an exemption to which the debtor is entitled under Code § 522(d).

The relevant facts are undisputed. On December 17, 1979, Hyster obtained a judgment against Keinath. Hyster subsequently filed a wage deduction on September 4, 1985. The debtor's employer was served with summons on September 10, 1985. On September 30, 1985, $248.80 was withheld by Keinath's employer and paid to Hyster. Keinath's employment was terminated on October 4, 1985. On October 8, 1985, Keinath's employer withheld $142.50 from his final paycheck and sent that amount to Hyster. Keinath and his wife filed a voluntary Chapter 7 petition on November 5, 1985.

■ Under Section 522(f)(1), a debtor may avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that the lien impairs an exemption of the debtor. A judicial lien is defined in the Code as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(30). The lien of a judgment creditor in wages garnished pursuant to Illinois statute is a judicial lien. *In re Johnson*, 53 B.R. 919 (Bkrtcy.N.D.Ill.1985). The incidence, operation and duration of garnishment liens are a matter of state law. *In re Stoddard*, 23 B.R. 226 (Bkrtcy.S.D.N.Y. 1982).

Under Illinois law, a proceeding to garnish the wages of a judgment debtor is commenced by the filing of an affidavit by the judgment creditor along with written interrogatories to be answered by the debtor's employer. Ill.Rev.Stat.1983, ch. 110, par. 12–805. The clerk of the court then issues a summons against the employer. With regard to the duties of the employer, the statute provides:

"a) An employer served as herein provided shall pay the employee the amount of his or her exempt wages.

(b) To the extent of the amount due upon the judgment and costs, *the employer shall hold, subject to order of court,* any non-exempt wages due or which subsequently come due. The judgment or balance due thereon is a lien on wages due at the time of the service of summons, and such lien shall continue as to subsequent earnings until the total amount due upon the judgment and costs is paid or until the expiration of the employer's payroll period ending immediately prior to 56 days after the service of summons, whichever first occurs, except that such lien on subsequent earnings shall terminate sooner if the employment relationship is terminated or if the underlying judgment is vacated or modified.

(c) The employer shall file, on or before the return date, but in no event sooner than 56 days after service of the summons, or within the further time that the court for cause may allow, a written answer under oath to the interrogatories, setting forth the amount due as wages to the judgment debtor for the payroll periods ending immediately prior to 56 days after the service of the summons." (Emphasis added)

Ill.Rev.Stat.1983, Ch. 110, par. 12–808(a), (b), (c).

Where the employer fails to appear and answer as required, the statute provides for the entry of a conditional judgment against the employer for the amount due upon the judgment against the judgment debtor. (Ill.Rev.Stat.1983, Ch. 110, par. 12–807(a)). If the employer again fails to appear and answer, the judgment is confirmed by the court. In addition, the employee, the employer or a third party may assert a claim against the garnished wages. (Ill.Rev.Stat.1983, Ch. 110, par. 12–810(a)). If an adverse claim is filed, a hearing is held. Ill.Rev.Stat.1983, Ch. 110, par. 12–810(a). After hearing, a judgment is entered in accordance with the interests of the parties. Ill.Rev.Stat.1983, Ch. 110, par. 12–810(b).

■ The crucial issue with respect to the existence of the lien at the commencement of the bankruptcy case is whether payment of the withheld wages to Hyster by Keinath's employer without court order extinguished the lien. The statute specifically provides that "the employer shall hold, *subject to order of the court*, any non-exempt wages due or which subsequently become due." [Ill.Rev.Stat. Ch. 110, par. 12–808(b) ]. (Emphasis added.) The premature payment here by Keinath's employer, without order of the court, clearly was not proper and thus did not operate to extinguish the lien. This holding is in accord with the result reached by my predecessor in this court in *In the Matter of William F. Eads*, Case No. 185–00138, June 7, 1985, involving similar facts. Nor is it inconsistent with Judge Lessen's decision in *In re Charles and Deloris June Zentko*, Case No. 185–00843, relied on by Hyster. In *Zentko*, the debtor's employer had also paid withheld wages to the judgment creditor without court order. In that case, however, the debtor conceded that the payment "was made as a result of the Judicial Lien and in consideration of the release of the Judicial Lien, which is customary in cases of this type." (Debtor's Reply to Response and Motion for Summary Judgment pursuant to Rule 56.) The present case is distinguishable in that no release was tendered by the judgment creditor prior to payment of the garnished funds. Furthermore the holding in the present case is consistent with Judge Lessen's later decision in *In re Jeffrey P. McCann and Lori Ann McCann*, Case No. 86–80022, where Judge Lessen stated:

"The non-exempt wages only become the property of the judgment creditor when they are paid to him by order of the court. In the case at bar, the court never ordered the library to pay the non-exempt wages to the bank. Until such time as an order is entered, the statute clearly provides that the judgment or balance due is simply 'a lien on wages due at the time of the service of summons.' Thus, the bank has only a judicial lien on the $184.24, and this lien may be avoided under 11 U.S.C. § 522(f)(1)."

Hyster suggests, relying on *In re Zentko, supra*, that a lien on garnished wages expires fifty-six days after service of the summons, and interrogatories upon the employer. The *Zentko* order, entered August 7, 1985, provides only that the debtor's motion to avoid the judicial lien is denied. Hence, any rationale which Hyster attributes to that case was premised only upon speculation and in light of Judge Lessen's later decision in *In re McCann, supra*, is incorrect. The plain language of the statute fails to support Hyster's proposition. The statute provides that the judgment or the amount due thereon is a lien on wages due at the time of the service of summons and that such lien continues *as to subsequent earnings* until the amount due on the judgment is paid in full or until expiration of the statutory period. This provision deals only with the earnings to which the lien attaches, that is, the creation of the lien. No provision of the statute speaks to the duration of the lien. Hyster's interpretation of the statute is simply incorrect. The lien had not expired by passage of time.

■ Hyster also infers that Keinath ceased to have a property interest in the garnished wages at the time his employer was served with the wage deduction summons. Hyster's position is untenable. A debtor retains an interest in the garnished wages until entry of a wage deduction order. *Bryant v. General Electric Credit Corp.*, 58 B.R. 144 (N.D.Ill.1986); *In re Johnson*, 53 B.R. 919 (Bkrtcy.N.D.Ill.1985); *In re Nealis*, 52 B.R. 329 (Bkrtcy.N.D.Ill. 1985). Nor, for reasons previously stated, can the employer's unauthorized payover of the garnished wages operate to terminate the debtor's property rights therein.

Having concluded that Hyster's interest in the garnished wages was a judicial lien, this court turns to the less troublesome issue of whether that lien "impairs an exemption to which the debtor would have been entitled under subsection (b) [of Section 522]." 11 U.S.C. § 522. Section 522(b) provides that a debtor may claim the federal exemptions listed in § 522(d) unless prohibited by the state law of the debtor's

domicile. Illinois has "opted out" of the federal exemption scheme and an Illinois debtor may only claim the exemptions provided by Illinois law. Ill.Rev.Stat.1983, Ch. 110, par. 12–1201. A debtor claiming the state exemptions may avoid a lien if it impairs an exemption which is allowed under state law. 3 Collier on Bankruptcy, ¶ 522.29[1] (15th Ed.1985); *In re Lincoln*, 30 B.R. 905 (Bkrtcy.D.Colo.1983).

Under Illinois law, a debtor is allowed to exempt an "equity interest, not to exceed $2,000 in value, in any other property." Ill.Rev.Stat.1983, Ch. 110, par. 12–1001(b). The breadth of this provision was considered by Judge DeGunther in *In re Terry*, 41 B.R. 508 (Bkrtcy.N.D.Ill.1984). Noting that exemptions are to be liberally construed in favor of the debtor, he stated:

> "The phrase 'any other property' in Section 12–1001(b) includes any other property of the estate ... Section 12–1001(b) is in the nature of a 'wild card' exemption, intended to give the debtor some additional property in the event anything remains after using his other exemptions." 41 B.R. at 509 (emphasis in original.)

In view of the recent case of *In re Johnson*, 57 B.R. 635 (Bkrtcy.N.D.Ill.1986), as well as Judge Lessen's recent decision in *In re McCann, supra,* the issue of whether a debtor may assert an exemption in garnished wages under the "wild card" exemption has been laid to rest. Holding that a debtor may claim the wild card exemption in garnished wages, the court in *Johnson* stated:

> "[O]ur conclusion [is] that § 12–1001(b) may be used to claim *any nonbusiness personal property* as exempt whether or not that property appears in the list of specific personalty exempted in § 12–1001 or in any other Illinois exemption provision." 57 B.R. 635, 638.

A review of Keinath's file reveals that he has not availed himself of the full $2,000 under § 12–1001(b).

For the above reasons, IT IS ORDERED that the Judicial lien of Hyster Credit Un-

ion is voided pursuant to 11 U.S.C. § 522(f)(1).