**In re Stanley Dale STOFFER, Phyllis Ann Stoffer, Debtors.**

**Phyllis Ann STOFFER, Plaintiff,**

v.

**SAINT MARY'S HOSPITAL SISTERS OF THE THIRD ORDER OF SAINT FRANCES, a Corp.; Ralph Arn; Jay Bell, Jr., d/b/a Decatur Window Cleaning, a partnership, Defendants.**

**Bankruptcy No. 86–70545.**
**Adv. No. 86–7119.**

United States Bankruptcy Court,
C.D. Illinois.

June 19, 1986.

Alan D. Bourey, Decatur, Ill., for plaintiff/debtor.

John C. Weinman, Decatur, Ill., for defendant/Saint Mary's Hospital.

OPINION

LARRY L. LESSEN, Chief Judge.

This matter is before the Court on the Debtor, Phyllis Ann Stoffer's, complaint to avoid and recover transfer. The Debtor seeks to recover $73.80 of wages that have been withheld pursuant to a wage deduction order.

The material facts are not in dispute. The Debtor is employed by Decatur Window Cleaning Company. As of April 3, 1986, Decatur Window Cleaning Company has withheld wages due the Debtor in the amount of $73.80. These wages have been withheld pursuant to a wage deduction and are being collected on behalf of Saint Mary's Hospital. All of these wages have been withheld within 3 months of the date of filing of the instant petition. None of the wages have been transferred or distributed to Saint Mary's Hospital.

The Debtor cites an interest in the garnished wages pursuant to 11 U.S.C. § 522(g) and (h). However, the Debtor may not use § 522(g) and (H) on the facts of this case because the $600 limit of § 547(c)(7) would prevent a trustee from avoiding this $73.80 garnishment as a preference. *In re Johnson*, 57 B.R. 635, 637 n. 2 (Bkrtcy.N.D.Ill.1986). This case is more appropriately analyzed under 11 U.S.C. § 522(f)(1), which permits a Debtor to avoid the fixing of a judicial lien on an interest of the Debtor in property to the extent that the lien impairs an exemption of the Debtor.

The question of whether a Debtor may use § 522(f)(1) to recover garnished wages as exempt has been the subject of much recent litigation.

In *In re Johnson*, 57 B.R. 635 (Bkrtcy.N.D.Ill.1986), the Court adhered to its previous ruling in 53 B.R. 919 (Bkrtcy.N.D.Ill. 1985) when it held that a Debtor may claim his garnished wages as exempt under the Illinois personal property "wild card" exemption, Ill.Rev.Stat., ch. 110 § 12–1001(b). This is true even though § 12–803 allows Debtors to exempt up to 85% of their wages. The Court held it was permissible for Debtors to exempt more than 85% of their wages by additionally claiming the wild card exemption. 57 B.R. at 639.

In *In re McCann*, No. 86–80022 (Bkrtcy. C.D.Ill. May 15, 1986) (Lessen, J.) 1986 WL 30759, this Court held as follows:

> "[N]on-exempt wages only become property of the judgment creditor when they are paid to him by order of the court. In the case at bar, the court never ordered

the ... [employer] to pay the non-exempt wages to the ... [creditor]. Until such time as an order is entered, the statute clearly provides that the judgment or balance due is simply 'a lien on wages due at the time of the service of summons.' Thus, the ... [creditor] has only a judicial lien ... and this lien may be avoided under 11 U.S.C. § 522(f)(1)."

*McCann* was followed in *In re Keinath*, No. 185–02584, 102 B.R. 699 (Bkrtcy.C.D. Ill.) (Altenberger, J.), where the court held that a creditor had a judicial lien against the Debtor's wages at the time he filed his bankruptcy petition even though the withheld wages were turned over to the creditor without court order. Since the unauthorized premature payment was not proper, the Court reasoned that it did not operate to extinguish the lien. The Court further held that this lien impaired an exemption to which the Debtor was entitled under § 522(d).

Applying these cases to the facts of the instant case, it is clear that the Debtor may recover the $73.80 of wages that were withheld pursuant to the wage deduction order. The Debtors have not availed themselves of the full $2,000 under § 12–1001(b). Thus, they may assert an exemption in the garnished wages under the wild card exemption. Therefore, the judicial lien of Saint Mary's Hospital may be avoided pursuant to 11 U.S.C. § 522(f)(1).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in an Opinion entered the 19th day of June, 1986;

IT IS THEREFORE ORDERED That Phyllis Ann Stoffer's employer, Decatur Window Cleaning Company, be and is hereby enjoined from withholding wages pursuant to the Wage Deduction, from distributing or paying over to any creditors of the Debtor or to any person, firm or corpora-

**1010**

tion on behalf of any creditor, any wages of the Debtor withheld or now being withheld by the employer pursuant to a demand under any Wage Deduction, and Decatur Window Cleaning Company is further directed to pay to Alan D. Bourey, Debtor's attorney, $73.80, which amount is wages properly accruing to the Debtor, Phyllis Ann Stoffer.