**In the Matter of Steven E. WATTERSON and Georgia D. Watterson, Debtors.**

**Bankruptcy No. 87–90616.**

United States Bankruptcy Court, C.D. Illinois.

Oct. 28, 1987.

Kenneth E. Baughman, Monticello, Ill., for debtors.

Arthur L. Mann, Champaign, Ill., for creditor.

Kenneth Meeker, trustee.

OPINION

GERALD D. FINES, Bankruptcy Judge.

The debtors filed their Chapter 7 Bankruptcy on June 10, 1987. The debtors were

granted their discharge in this non-asset case on September 8, 1987. On September 28, 1987, the debtors filed a § 522(f) Motion to Avoid the Lien of Sears, Roebuck and Co. (Sears), and Motion for Turnover of Funds.

Sears is a judgment creditor garnishing the debtor's wages. The debtors have petitioned the Court to avoid the judicial lien and order the turnover of $691.45 in wages being held by Sears.

Oral arguments were heard on October 14, 1987.

Section 522(f)(1) permits a debtor to avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that the lien impairs the debtors' exemption. *In re Johnson*, 57 B.R. 635 (Bkrtcy.N.D.Ill.1986).

Wage deduction (garnishment) procedures are governed by Chapter 110, *Ill. Rev.Stat.*, § 12–801 *et seq.* The statutory duties of the employer are set forth as follows:

> "To the extent of the amount due upon the judgment and costs, the employer shall hold, *subject to order of court,* any non-exempt wages due or which subsequently come due. The judgment or balance due thereon is a lien on wages due at the time of the service of summons, and such lien shall continue as to subsequent earnings until the total amount due upon the judgment and costs is paid or until the expiration of the employer's payroll period ending immediately prior to 56 days after the service of summons whichever first occurs, except that such lien on subsequent earnings shall terminate sooner if the employment relationship is terminated or if the underlying judgment is vacated or modified."

Chap. 110, *Ill.Rev.Stat.*, § 12–808(b) (emphasis added)

It is the Court's understanding that the withheld wages were turned over to Sears without prior Court order. This fact alone is sufficient to rule in favor of the debtors. *See: In re Johnson*, 57 B.R. 635 (Bkrtcy.N. D.Ill.1986); *In re Jeffrey P. McCann and Lori Ann McCann,* Case No. 86–80022 (Bkrtcy.C.D.Ill., May 15, 1986); *In re John F. Keinath,* 102 B.R. 699 (Bkrtcy.C.D.Ill. 1986); and *In re Stanley Dale Stoffer and Phyllis Ann Stoffer,* 103 B.R. 1008 (Bkrtcy. C.D.Ill.1986).

For the above reasons, IT IS ORDERED that the judicial lien of Sears is voided pursuant to 11 U.S.C. § 522(f)(1), and the debtors' Motion to Avoid Lien and Motion for Turnover of Funds are GRANTED.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.