In re Phillip Steven CARPENTER,
Debtor.

Paula RASNICK (Gentry), Plaintiff,

v.

Phillip Steven CARPENTER, Defendant.

Bankruptcy No. 3–81–01085.

Adv. No. 3–81–0817.

United States Bankruptcy Court,
E. D. Tennessee.

Jan. 26, 1982.

Douglas J. Carter, Johnson City, Tenn.,
for plaintiff.

Charles Crockett, Elizabethton, Tenn., for
defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

This cause came on to be heard on the 7th day of December, 1981, upon the complaint filed on behalf of plaintiff to determine dischargeability of judgment, the answer thereto as filed by the debtor and the testimony of the witnesses heard in open court, the appearance and statements of respective counsel for the parties, and the entire record at large, from all of which the court finds that on or about March 14, 1977, plaintiff, Paula Rasnick (Gentry), entered into negotiations to purchase a 1976 Camaro automobile from Carpenter Auto Brokers, a business in which the defendant/debtor, Phillip Carpenter, is a partner. The court finds that the defendant represented to plaintiff that he would transfer a valid title to the automobile to plaintiff. The court further finds that title to said automobile was at that time most likely held by Johnny Shytle and that the car had been placed on consignment with Carpenter Auto Brokers. The court finds at no time did defendant disclose to plaintiff that he did not have valid title to the automobile. The court finds that a contract was entered into by and between plaintiff and defendant under which Carpenter was to take as a trade-in a Mustang automobile owned by the plaintiff on which an indebtedness was owing to the Carter County Bank and that plaintiff was to pay an additional sum in cash, which she did. As a part of said agreement, Carpenter was to pay off the lien on the Mustang held by the Carter County Bank, which he

failed to do. Defendant Carpenter further failed to pay over the monies paid to him by the plaintiff to the consignor of the automobile. Defendant failed to furnish plaintiff a title to the automobile. The court further finds that the plaintiff borrowed a portion of the purchase price of the automobile at the Texas Instruments Credit Union in Johnson City, Tennessee. As a result of said loan, plaintiff repaid the amount of $1,370.00 to the credit union but later was required to surrender the car to the credit union.

Plaintiff thereafter instituted suit in the Chancery Court for Carter County at Elizabethton, Tennessee. Service was duly had in that action upon the defendant, Phillip Carpenter, who failed to answer or otherwise defend. On January 8, 1981, judgment was entered in favor of plaintiff in the Chancery Court for Carter County which recites in part:

> "It appeared that the Plaintiff is entitled to compensatory damages for fraud and misrepresentation in the amount of Five Thousand ($5000.00) Dollars. It further appeared to the court that the Defendant Phillip S. Carpenter was guilty of willful and malicious misrepresentation and fraud and that as a result judgment should be entered against him in favor of the Plaintiff in the amount of Three Thousand ($3000.00) Dollars for punitive damages."

This court fully concurs and agrees with the decision reached by Chancellor Jordan in the state case. This court specifically finds that the defendant/debtor knew at the time of the sale of the automobile to plaintiff that he did not have title to the automobile which he was selling to the plaintiff and that he willfully and maliciously failed to disclose this fact to plaintiff. He is therefore liable to her for both compensatory and punitive damages resulting from his fraudulent conduct.

The court concludes that the defendant obtained money and property from the plaintiff by false pretenses, false representations and actual fraud; that, as a result of said actions of defendant, plaintiff was granted judgment in Chancery Court of Carter County at Elizabethton, Tennessee, in the amount of $8,000.00 compensatory and punitive damages; that defendant is entitled to credit for sums previously paid on the judgment but that the balance owing on said judgment is nondischargeable. 11 U.S.C. § 523(a)(2).

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.