**In re Dean Ralph RUBITSCHUNG, Debtor.**

**Clarence C. COUCH, Plaintiff,**

**v.**

**Dean R. RUBITSCHUNG, Defendant.**

**Bankruptcy No. 282–00528**
**Adv. No. 282–0198.**

United States Bankruptcy Court, C.D. Illinois.

March 7, 1988.

See also, Bkrtcy., 101 B.R. 28.

Brian L. McPheters, Champaign, Ill., for plaintiff.

Dean Ralph Rubitschung, pro se.

OPINION AND ORDER

GERALD D. FINES, Bankruptcy Judge.

This matter is before the Court on the Motion for Summary Judgment filed by the Plaintiff, CLARENCE C. COUCH. The Debtor, DEAN R. RUBITSCHUNG, filed a Chapter 7 Petition on July 6, 1982. On October 6, 1982, the Plaintiff filed a Complaint to Declare an Exception to Discharge in Bankruptcy, pursuant to 11 U.S.C. § 523(a)(6), alleging that on March 27, 1981, the Debtor violently assaulted the Plaintiff without cause or provocation resulting in the Plaintiff sustaining extensive physical injuries.

The Plaintiff filed a State Court action in the Champaign County Circuit Court on August 21, 1981, and on November 8, 1983, the Honorable Larry Lessen entered an order lifting the Automatic Stay and allowing the State Court action to proceed to trial. The Court is now advised that on March 23, 1987, a default judgment was entered against the Debtor in the sum of $65,150 for compensatory damages and $25,000 for punitive damages. No appeal was taken from the default judgment.

The Plaintiff filed his Motion for Summary Judgment on February 11, 1988, with oral arguments heard February 19, 1988. The Plaintiff was granted leave to submit supplemental legal authority, which was filed on February 29, 1988.

Summary judgment is proper only if the movant demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Goodrich v. Intern. Broth. of Elec. Workers, AFL–CIO*, 712 F.2d 1488 (D.C.Cir. 1983). The court must view the evidence in the light most favorable to the party opposing the motion. *International Administrators, Inc. v. Life Insurance Co.*, 753 F.2d 1373 (7th Cir.1985).

■ Title 11, U.S.C. § 523(a)(6) denies discharge for willful and malicious injury by the debtor to another entity or to the property of another entity. Therefore, Plaintiff must prove (1) a willful and malicious act (2) done without cause (3) which leads to harm. *In re Hallahan*, 78 B.R. 547, 550 (Bankr.C.D.Ill.1987).

■ While there is no universally accepted definition of the term "willful and malicious," this Court concludes that willful and malicious conduct is the deliberate or intentional act of a debtor with knowledge that the act will harm another. *In re Roemer*, 76 B.R. 126, 128 (Bankr.S.D.Ill. 1987); *In re Hallahan, supra* at 550. Thus, "malicious" means a wrongful act done consciously and knowingly in the absence of just cause or excuse. *In re Bossard*, 74 B.R. 730, 736 (Bankr.N.D.N.Y. 1987); *In re Condict*, 71 B.R. 485, 487 (N.D.Ill.1987). It is not necessary for the debtor to act with ill will or malevolent purpose toward the injured party. *Hallahan, supra*, at 550.

■ The Court will first consider the issue of the dischargeability of the State Court award of $25,000 under Amended Count II for punitive damages. A review of the State Court pleadings and October 5, 1987, Order confirms that the State Court awarded $25,000 in punitive damages. Since the damages awarded are punitive in nature and in no way alter the extent of the damages for money obtained by actual fraud, the Court must *DENY* that portion of the Plaintiff's Motion for Summary Judgment which relates to this issue. *See: In re Suter*, 59 B.R. 944, 946–47 (Bankr. N.D.Ill.1986).

The Court is entitled to make an independent determination of the dischargeability of the State Court compensatory award of $62,500 and is not confined to a review of the State Court judgment and record. *Brown v. Felsen*, 442 U.S. 127, 138–39, 99 S.Ct. 2205, 2212–13, 60 L.Ed.2d 767 (1979). On a motion for summary judgment, a Bankruptcy Court has a duty to re-examine the facts giving rise to the debt. *In re Taylor*, 54 B.R. 515, 519 (Bankr.E.D. Va.1985).

However, to assist the Court in its task, it may look to the record of proceedings in the State Court to determine the character and nature of the debt to determine dischargeability. *Harrison v. Donnelly*, 153 F.2d 588 (8th Cir.1946); *In re Phillips*, 593 F.2d 356 (8th Cir.1979). The Court may also consider the State Court findings as evidence in determining whether the Motion for Summary Judgment should be granted. *In re Klix*, 21 B.R. 2 (Bankr.E.D. Mich.1982).

■ It is clear in this case that there is a genuine issue of material fact as to whether the alleged willful and malicious act was done without cause or maliciously. According to the Debtor's deposition, the Plaintiff was drinking and provoked the fight. The Debtor only hit the Plaintiff four times after the Plaintiff first attempted to kick the Debtor in the groin. The Debtor did not use any weapon of any kind and stated

that, when the altercation began, he did not want to hurt the Plaintiff. In fact, the Debtor stated he tried to talk the Plaintiff out of fighting, but the Plaintiff persisted. Finally, the Plaintiff only became unconscious after the Debtor struck the fourth blow.

After examining the pleadings, discovery deposition of the Debtor, State Court Judgment Order, and legal authorities, the Court concludes that Summary Judgment would not be appropriate and the Motion is, therefore, DENIED.