In re Chris A. HULVEY, Debtor.

Joe MILLER, James Ardis and Jerry Dwyer, Plaintiffs,

v.

Chris A. HULVEY, Defendant.

Bankruptcy No. 87–82080.

Adv. No. 87–8275.

United States Bankruptcy Court, C.D. Illinois.

May 24, 1988.

James S. Brannon, Peoria, Ill., for debtor/defendant.

Robert D. Gaubas, Peoria, Ill., for plaintiffs.

## DECISION AND ORDER

WILLIAM V. ALTENBERGER,
Bankruptcy Judge.

The Plaintiffs, JOE MILLER, JAMES ARDIS and JERRY DWYER, brought this adversary proceeding to determine the dischargeability of a state court judgment rendered in their favor and against the Defendant, CHRIS A. HULVEY, in the amount of $3,184.00. At the pretrial conference, the Defendant agreed that the compensatory damages in the amount of $504.00 are nondischargeable but contested the dischargeability of the punitive damages awarded by the state court. Under a recent decision of Judge Gerald D. Fines, a Bankruptcy Judge of this District, an award of punitive damages is dischargeable. *Couch v. Rubitschung,* 103 B.R. 1010 (Bkrtcy.C.D.Ill.1988). *See also Matter of Larson,* 79 B.R. 462 (Bkrtcy.W.D.Mo.1987).

The Defendant, in the main case proceeding, filed a motion to avoid the judicial lien of the Plaintiffs under Section 522(f). Prior to the bankruptcy, the Plaintiffs garnished the Defendant's wages. The Defendant's employer turned over the sum of $471.56 to the Plaintiffs after the bankruptcy petition was filed.

It is well-settled in this district that a debtor may avoid a lien on garnished wages until the state court enters an order directing the employer to pay the wages to the judgment creditor. *In re Jeffrey P. McCann and Lori Ann McCann,* Case No. 86–80022 (Bkrtcy.C.D.Ill., May 15, 1986) 1986 WL 30759; *In re John F. Keinath,* 102 B.R. 699 (Bkrtcy.C.D.Ill.1986); *In re Stanley Dale Stoffer and Phyllis Ann Stoffer,* 103 B.R. 1008 (Bkrtcy.C.D.Ill.1986); *In re Steven E. Watterson and Georgia D. Watterson,* 102 B.R. 702 (Bkrtcy.C.D.Ill.1987). The Plaintiffs contend, however, that the Defendant should not be allowed to avoid the lien because this debt is nondischargeable. This Court does not agree.

The automatic stay provisions of the Bankruptcy Code contain no exceptions for nondischargeable debts:

"Section 362(d) conspicuously lacks any automatic termination of the automatic stay for a judgment creditor of a nondischargeability judgment. The only automatic termination is provided in subsection 362(c)(1), where property has ceased to be property of the estate, such as by sale or foreclosure. All other creditors continue to be subject to the automatic stay until it lifts under subsection 362(c)(2) or until a court awards relief

from stay." *In re Watson*, 78 B.R. 267, 270 (Bkrtcy.C.D.Cal.1987).[1]

Nor do the provisions permitting lien avoidance restrict the debtor's right to debts which are dischargeable. Creditors holding nondischargeable debts are not accorded any priority under the distributive scheme of the Bankruptcy Code.[2] *See* 11 U.S.C. Section 726. It is only the character of their debt which is affected—it remains collectible after discharge.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The portion of the state court judgment entered in favor of the Plaintiffs and against the Defendant which represents punitive damages is declared to be DISCHARGEABLE; and

2. The judicial lien of the Plaintiffs is VOIDED pursuant to 11 U.S.C. Section 522(f) and the Plaintiffs are directed to turn over the garnished wages in the sum of $471.56 to the Defendant.

---

1. While the facts indicate that a portion of the wages were earned post-petition and are thus not property of the bankruptcy estate, collection efforts on a pre-petition debt may not properly ensue until the debt has been determined to be nondischargeable and relief from the stay has been obtained.

2. In *Charles E. Covey, Trustee v. Sonnemaker, Sonnemaker & Vespa, P.C.*, Case No. 87–8247 (March 16, 1988) this Court held that the Trustee could collect a preference from a creditor holding a nondischargeable debt.