**In re John A. DAHLSTROM and Marilyn H. Dahlstrom, Debtors.**

**PLACER U.S., INC., a California corporation, Plaintiff,**

v.

**John A. DAHLSTROM, Defendant.**

**Bankruptcy No. 86C–01654.**
**Adv. No. 90PC–0678.**

United States Bankruptcy Court, D. Utah.

July 3, 1991.

Brent V. Manning, Holme Roberts & Owen, Salt Lake City, Utah, for plaintiff.

Mona Lyman, McKay, Burton & Thurman, Salt Lake City, Utah, for debtors.

## MEMORANDUM OPINION AND ORDER

GLEN E. CLARK, Chief Judge.

The matter presently before the court is a motion filed by the plaintiff, Placer U.S., Inc. ("Placer"), for summary judgment of the above-captioned adversary proceeding seeking a determination as to the dischargeability of the debtor's debt to it un-

der 11 U.S.C. § 523(a)(6).[1] A hearing was held on December 13, 1989. Brent v. Manning, Esq. and Adam S. Affleck, Esq. appeared on behalf of Placer. Mona Lyman, Esq. appeared on behalf of the defendant-debtor, John A. Dahlstrom ("debtor"). Counsel presented argument after which the court granted Placer's motion in part holding that under principles of collateral estoppel[2] that portion of a judgment which had been entered in the case of *Placer Dome, U.S., Inc. v. Wagner et al.*, No. 13022 (Nev. 7th Dist. Ct. filed Dec. 22, 1989), *aff'd, Dahlstrom et al. v. Placer Dome, U.S., Inc.*, No. 20758 (Nev. filed Mar. 28, 1991) awarding Placer actual damages in the amount of $186,977.94 plus interest from April 17, 1989 at a rate of 12% was not dischargeable under § 523(a)(6). The court also noted that the debtor was collaterally estopped from relitigating the issue of whether the Nevada court's award of punitive damages in the amount of $1,000,000.00 was for a "willful and malicious injury" to Placer or its property within the meaning of § 523(a)(6). Notwithstanding that fact, the court took under advisement the issue of whether punitive damages are, as a matter of law, the type of debt that can be held to be nondischargeable under § 523(a)(6). The court has carefully considered and reviewed the arguments of counsel and memoranda submitted by the parties and has made an independent review of the pertinent authorities. Now being fully advised, the court renders the following decision holding that punitive damages are debts that may be held to be nondischargeable pursuant to § 523(a)(6).

1. Unless otherwise noted, all future statutory references are to Title 11 of the United States Code.

2. Although prior decisions of the United States Supreme Court had suggested that collateral estoppel principles apply in proceedings pursuant to 11 U.S.C. § 523(a); *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979); it formally established this fact in *Grogan v. Garner,* — U.S. —, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). The Court's ruling in *Grogan* in no way affects practice in this Circuit. *See Klemens v. Wallace (In re Wallace),* 840 F.2d 762 (10th Cir.1988) (collat-

## DISCUSSION

■ Section 523(a)(6) states, in relevant part, that "[a] discharge under section 727 ... of this title does not discharge an individual debtor from *any debt*—(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" (Emphasis added). "Debt" is defined in § 101(12) as "liability on a claim." Thus, as was explained recently by the United States Supreme Court in *Johnson v. Home State Bank,* — U.S. —, — n. 5, 111 S.Ct. 2150, 2154 n. 5, 115 L.Ed.2d 66 (1991), the meaning of "debt" is "coextensive with that of 'claim' as defined in § 101(5)." *See also Pennsylvania Dept. of Public Welfare v. Davenport,* — U.S. —, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990).[3] The subsection of § 101 which is relevant to this court's analysis is (5)(A) which defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." "Right to payment" was interpreted by the Supreme Court in *Davenport,* 110 S.Ct. at 2131, *quoted in Johnson,* — U.S. at —, 111 S.Ct. at 2154, as meaning "nothing more nor less than an enforceable obligation, regardless of the objectives ... to [be] serve[d] in imposing the obligation." In interpreting § 101(5), the Court in *Johnson,* — U.S. at —, 111 S.Ct. at 2155, looked to the legislative history of the definition of "claim" and stated:

Although the pre–1978 Bankruptcy Act contained no single definition of 'claim,' the Act did define 'claim' as 'including all

eral estoppel applicable in proceedings brought pursuant to § 523(a)).

3. The court recognizes that the Criminal Victims Protection Act, Pub.L. 101–581, § 3, 104 Stat. 2865 (1990), substantially overruled the Supreme Court's holding in *Pennsylvania Dept. of Public Welfare v. Davenport,* — U.S. —, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). As the Court noted in *Johnson v. Home State Bank,* — U.S. —, — n. 4, 111 S.Ct. 2150, 2154 n. 4, 115 L.Ed.2d 66 (1991), however, the Act did not "disturb[ ] [its] general conclusions [in *Davenport* ] on the breadth of the definition of 'claim' under the Code."

claims of *whatever character* against a debtor or its property' for the purposes of Chapter X corporate reorganizations. *See* 11 U.S.C. § 506(1)(1976 ed.)(emphasis added)[4].... S.Rep. No. 1916, 75th Cong., 3d Sess., 25 (1938); H.R.Rep. No. 1409, 75th Cong., 1st Sess., 39 (1937).... In fashioning a single definition of 'claim' for the 1978 Bankruptcy Code, Congress intended to 'adopt an even broader definition of claim than [was] found in the [pre–1978 Act's] debtor rehabilitation chapters.' H.R.Rep. No., 95–595, [95th Cong., 1st Sess.,] at 309 [(1977)] (emphasis added); accord, S.Rep. No. 95–989, [95th Cong., 2d Sess.,] pp. 21–22 (1978)....

(Emphasis added.) The expansive nature of the term "claim" and, therefore, "debt" was also noted in *Davenport*, 110 S.Ct. at 2130, where the Court stated:

As is apparent, Congress chose expansive language in both definitions [of 'claim' and 'debt'].... For example, to the extent the phrase 'right to payment' is modified in the statute, the modifying language ('whether or not such right is ...') reflects Congress' broad rather than restrictive view of the class of obligations that qualify as a 'claim' giving rise to a 'debt.' See also H.R.Rep. No. 95–595, *supra*, at 309, U.S.Code & Admin.News 1978, p. 6266 (describing definition of 'claim' as 'broadest possible' and noting that Code 'contemplates that all legal obligations of the debtor ... will be able to be dealt with in the bankruptcy case'); accord S.Rep. No. 95–989, *supra*, at 22, U.S.Code & Admin.News 1978, p. 5808.

Given the plain language of § 523(a)(6), which must be read in conjunction with § 101(5) & (12) as those subsections have

been interpreted by the Supreme Court in *Johnson* and *Davenport*, the court is compelled to conclude that "debts" held to be nondischargeable under that subsection include punitive damage awards. *See also Commercial Factors of Salt Lake City, Inc. v. Jensen (In re Jensen)*, 113 B.R. 51, 54–55 (Bankr.D.Utah 1990) (Holding the prevailing creditor's attorney's fees nondischargeable, the court stated that "fees incurred in the enforcement of a contract freely entered into between parties of relatively equal bargaining power [are] part of the debt as defined in section 101(11).")[5]

In addition to the plain language of § 523(a)(6), § 726(A)(4) indicates that Congress considers punitive damages to be debts under the Code. That section, which deals with the distribution of property of a Chapter 7 estate, provides for fourth priority to:

payment of any *allowed claim*, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or *punitive damages*, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim....

(Emphasis added.)

The court also points out that the Supreme Court and the Tenth Circuit have indicated that, if confronted with the issue, they would conclude that punitive damage judgments may be held to be nondischargeable under § 523. In *Grogan v. Garner*, — U.S. —, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the Court was faced with the issue of the proper burden of proof to be applied in action brought pursuant to § 523. The bankruptcy court held that,

---

4. Chapter X, § 106(1) of the Bankruptcy Act, which is codified at 11 U.S.C. § 506(1) (1976), states in full that " 'claims' shall include all claims of whatever character against a debtor or its property, except stock, whether or not such claims are provable under section 63 of this Act and whether secured or unsecured, liquidated or unliquidated, fixed or contingent[.]" Similar language was found in Chapter VIII of the Act at § 77(b) ¶ 3, Chapter XI at § 307(2), Chapter XII at § 406(2), and Chapter XIII at § 606(1).

5. Recently, Congress added several subsections to 11 U.S.C. § 101, thereby causing it to be renumbered. *See* Crime Control Act, Pub.L. 101–647, § 2522(e), 104 Stat. 4789 (1990). Accordingly, what is now § 101(12) was, prior to the amendments, § 101(11). Similarly, prior to the amendments, § 101(5) was found at § 101(4). The amendment has not substantively changed those subsections.

under principles of collateral estoppel, a state court judgment, which included an award of actual and punitive damages, was nondischargeable under § 523(a)(2)(A). The district court affirmed the bankruptcy court. The Eighth Circuit reversed the lower court on the basis that collateral estoppel was inapplicable because the state court judgment required that fraud be proved by a preponderance of the evidence, whereas 523(a) required proof by clear and convincing evidence. In reversing the Eighth Circuit and applying a preponderance standard, the Supreme Court noted that because the debtor did not challenge the conclusion that the elements of the claim proved in state court were sufficient to establish fraud within the meaning of § 523, it did not deem it necessary to:

[C]onsider the question whether § 523(a)(2)(A) excepts from discharge that part of a judgment in excess of the actual value of money or property received by a debtor by virtue of fraud. See *In re Rubin*, 875 F.2d 755, 758, n. 1 (CA9 1989). Arguably, fraud judgments in cases in which the defendant did not obtain money, property, or services from the plaintiffs *and those judgments that include punitive damages awards are more appropriately governed by § 523(a)(6)*. See 11 U.S.C. § 523(a)(6) (excepting from discharge debts 'for will-

ful and malicious injury by the debtor to another entity or to the property of another entity.'); *In re Rubin*, 875 F.2d, at 758, n. 1.[6]

*Id.* 111 S.Ct. at 657 n. 2. The court went on to hold the entire amount of the judgment, including the punitive damage award, to be nondischargeable under § 523(a)(2)(A).

In *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762 (10th Cir.1988), the plaintiff, in a motion for summary judgment, sought to have a state court judgment awarding him compensatory and punitive damages deemed nondischargeable under § 523(a)(4). The Tenth Circuit affirmed the lower courts' determination that the entire judgment was nondischargeable. While the court did not specifically address the propriety of holding a punitive damage award nondischargeable, it clearly recognized that the judgment included such an award inasmuch as it used it as persuasive of the fact that the elements of collateral estoppel had been met. *Id.* at 765; *see also First Nat'l Bank v. Franklin (In re Franklin)*, 726 F.2d 606 (10th Cir.1984) (award of punitive damages were included in a debt held to be nondischargeable pursuant to Bankr.Act § 17(a)(8)—willful and malicious standard); *Pacific Energy & Min., Ltd v. Austin (In re Austin)*, 93 B.R. 723 (Bankr.D.Colo.1988) (court recognized

**6.** The Supreme Court's reference to *In re Rubin*, 875 F.2d 755, 758 n. 1 (9th Cir.1989), further confirms that, if confronted with the issue, it would conclude that punitive damages may be held to be nondischargeable under § 523(a)(6) inasmuch as it cited to the following language:

One might question whether a § 523(a)(6) (1982) instead of § 523(a)(2)(A) should govern this case. The paradigmatic case for § 523(a)(2)(A) seems to arise when a debtor lies to a creditor to obtain a loan and the creditor seeks repayment of the loan in bankruptcy.... The paradigmatic case for § 523(a)(6), by contrast, seems to arise when a debtor intentionally injures a creditor and the creditor seeks to make nondischargeable a judgment that he has won in a state court tort action....

The [creditors], in this suit, do not seek merely the return of equity in their home (approximately $13,000), but instead want to enforce a settlement agreement for [, $125,-000,] a much greater sum that they obtained in a suit for the intentional tort of fraud.

Some courts have held that § 523(a)(2)(A) does not permit recovery in excess of actual value of the money or property obtained by fraudulent representations. *See Check Central, Inc. v. Barr (In re Barr)*, 54 B.R. 922, 924 (Bankr.D.Or.1984); *Record Co. v. Bummbusiness, Inc. (In re Record Co.)*, 8 B.R. 57, 60 (Bankr.S.D.Ind.1981). *But see Rasnick v. Carpenter (In re Carpenter)*, 17 B.R. 563, 564 (Bankr.E.D.Tenn.1982) (making punitive damages nondischargeable, but not discussing the issue). *These courts might require the [creditors] to show the culpability required by § 523(a)(6) to make the entire $125,000 judgment nondischargeable;* they would have to show, in particular, that the judgment resulted from a 'willful and malicious' injury. We decline to decide the question, however, because [the debtor] has not raised the issue and because the settlement makes no distinction between actual and special damages.

(Emphasis added.) In light of the absence of an objection, the court went on to hold the entire amount of the settlement nondischargeable.

that it was bound by the Tenth Circuit's decision in *Wallace* to hold a state court punitive damage award nondischargeable under § 523(a)(4) & (6)).

Finally, the court's position is bolstered by the fact that the majority of courts that have specifically addressed the issue of the dischargeability of punitive damage awards have held that they may be held to be nondischargeable. *See Johnson v. Miera (In re Miera)*, 926 F.2d 741 (8th Cir.1991) (§ 523(a)(6)) (Affirming the district court which had reversed the bankruptcy court, 104 B.R. 150 (Bankr.D.Minn.1989), on the issue of punitive damages. The Eighth Circuit's opinion invalidates that portion of *Hoefs v. Schmidt (In re Schmidt)*, 36 B.R. 834 (Bankr.D.Minn.1984), which holds that punitive damages are dischargeable under § 523(a)(6) because they undermine the debtor's fresh start. *But see* that portion of the *Schmidt* opinion that discusses § 523(a)(2)); *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988) (§ 523(a)(6)); *Moraes v. Adams (In re Adams)*, 761 F.2d 1422 (9th Cir.1985) (§ 523(a)(6) & (9)); *Coen v. Zick*, 458 F.2d 326 (9th Cir.1972) (Bankruptcy Act § 17(a)(8)); *York v. Shepherd (In re Shepherd)*, 56 B.R. 218 (W.D. Va.1985) (§ 523(a)(6)); *Dutton v. Schwartz*, 21 B.R. 1014 (D.Mont.1982) (§ 523(a)(6)); *Glazer v. Alley (In re Glazer)*, 25 B.R. 329 (9th Cir. BAP 1982) (§ 523(a)(6)); *Lock v. Scheuer (In re Scheuer)*, 125 B.R. 584 (Bankr. C.D.Cal.1991) (§ 523(a)(2) & (4)). Although the court held the punitive damage award to be dischargeable, it clearly held that the court, as a court of equity, may determine under a balancing test whether punitive damages may be held to be nondischargeable, *disagreeing with Ellwanger v. Bette Joyce McBroom Estate (In re Ellwanger)*, 105 B.R. 551 (9th Cir. BAP 1989)); *Roland v. Johnson (In re Johnson)*, 120 B.R. 461 (Bankr.N.D.Ind.1990) (§ 523(a)(6)). *Relying on Diaz v. Diaz (In re Diaz)*, 120 B.R. 967 (Bankr.N.D.Ind.1989) (§ 523(a)(6)); *Brill v. Dvorak (In re Dvorak)*, 118 B.R. 619 (Bankr.N.D.Ill.1990) (§ 523(a)(6)); *Evans v. Dunston (In re Dunston)*, 117 B.R. 632 (Bankr.D.Colo.1990) (§ 523(a)(2)). Court stated that although punitive damages may be nondischargeable, the award

in the case at hand was dischargeable); *Miller v. Harper (In re Harper)*, 117 B.R. 306 (Bankr.N.D.Ohio 1990) (§ 523(a)(6)); *Associated Growers, Inc. v. Horowitz (In re Horowitz)*, 103 B.R. 786 (Bankr. N.D.Miss.1989) (§ 523(a)(6)); *Leeb v. Guy (In re Guy)*, 101 B.R. 961 (Bankr.N.D.Ind. 1988) (§ 523(a)(2), (4), & (6)); *Bender v. Tobman (In re Tobman)*, 96 B.R. 429 (Bankr.S.D.N.Y.1989), *rev'd on other grounds*, 107 B.R. 20 (S.D.N.Y.1989) (§ 523(a)(2)); *Cook v. Barnett (In re Barnett)*, 95 B.R. 477 (Bankr.W.D.Ky.1988) (§ 523(a)(6)); *Austin*, 93 B.R. at 723 (§ 523(a)(4) & (6)); *Zervas v. Nix (In re Nix)*, 92 B.R. 164 (Bankr.N.D.Tex.1988) (§ 523(a)(6)); *Kansas Nat'l Bank & Trust Co. v. Kroh (In re Kroh )*, 88 B.R. 972 (Bankr.W.D.Mo.1988) (§ 523(a)(6)); *Norton v. Dean (In re Dean)*, 79 B.R. 659 (Bankr. N.D.Tex.1987) (§ 523(a)(6)); *First Colony Life Ins. Co. v. Coover (In re Coover)*, 70 B.R. 554 (Bankr.S.D.Fla.1987) (§ 523(a)(6)); *United States Trust Co. v. Martonak (In re Martonak)*, 67 B.R. 727 (Bankr. S.D.N.Y.1986) (Court noted that in certain circumstances it may be appropriate to find that punitive damages are nondischargeable; *Clark v. Siefke (In re Siefke)*, 61 B.R. 220 (Bankr.D.Mont.1986) (§ 523(a)(6)); *Hardin v. Caldwell (In re Caldwell)*, 60 B.R. 214 (Bankr.E.D.Tenn.1986) (§ 523(a)(6)); *Lisk v. Criswell (In re Criswell)*, 52 B.R. 184 (Bankr.E.D.Va.1985) (§ 523(a)); *Goldstein v. Maxwell (In re Maxwell)*, 51 B.R. 244 (Bankr.S.D.Ind.1983) (§ 523(a)(2), (4), & (6)); *Brawer v. Gelman (In re Gelman)*, 47 B.R. 735 (Bankr. S.D.Fla.1985) (§ 523(a)(4)); *Johnson v. Horne (In re Horne)*, 46 B.R. 812 (Bankr. N.D.Ga.1985) (§ 523(a)(6)); *Asplin v. Mueller (In re Mueller)*, 34 B.R. 869 (Bankr. D.Colo.1983) (§ 523(a)(6)); *In re Berberian*, 34 B.R. 580 (Bankr.D.R.I.1983) (Bankruptcy Act § 17(a)(8)); *McGovern v. Capparelli (In re Capparelli)*, 33 B.R. 360 (Bankr. S.D.N.Y.1983) (§ 523(a)(6)); *Budres v. Farmer (In re Farmer)*, 17 B.R. 111 (Bankr.N.D.Ga.1981) (Debtor's motion for summary judgment was granted, in part, because factual issues remained as to whether a state court punitive damage award was within the willful and malicious

standard under § 523(a)(6)); *Jackson v. Willis (In re Willis)*, 2 B.R. 566 (Bankr. M.D.Ga.1980) (Bankruptcy Act § 17(a)(8)); *Glemby Int'l Va., Inc. v. Webster (In re Webster)*, 1 B.R. 61 (Bankr.E.D.Va.1979) (Bankruptcy Act § 17(a)(2)); *Lillian Galloway School v. Carey (In re Carey)*, 7 B.C.D. 6 (Bankr.S.D.Ohio 1980) (§ 523(a)(2)); *Sugar Creek Nat'l Bank v. Cummings (In re Cummings)*, 3 B.C.D. 908 (Bankr.W.D.Mo.1977) (Bankruptcy Act § 17(a)(2)).

There are four arguments in favor of holding punitive damages to be dischargeable in every proceeding. The first is that exceptions to discharge should be read narrowly so that they will not unduly interfere with the Bankruptcy Code's policy of providing the debtor with a fresh start. By limiting the creditor to the amount of its actual damages, it has been alleged that the intent of the Code is fulfilled inasmuch as the creditor is made whole. *Ellwanger*, 105 B.R. at 556; *Alwan v. Alwan (In re Alwan Bros. Co.)*, 105 B.R. 886, 891–92 (Bankr.C.D.Ill.1989); *Doran Serv., Inc. v. Valentine (In re Valentine)*, 104 B.R. 67, 71 (Bankr.S.D.Ind.1988); *Couch v. Rubitschung (In re Rubitschung)*, 103 B.R. 1010, 1011 (Bankr.C.D.Ill.1988); *Miller v. Hulvey (In re Hulvey)*, 102 B.R. 703, 704 (Bankr.C.D.Ill.1988); *N.I.S. Corp. v. Hallahan (In re Hallahan)*, 99 B.R. 897, 901 (Bankr.C.D.Ill.1989), *aff'd*, 113 B.R. 975 (C.D.Ill.1990); *Doucette v. Kwiat (In re Kwiat)*, 62 B.R. 818 (Bankr.D.Mass.1986), *aff'd in part, vacated in part*, 81 B.R. 184 (D.Mass.1987); *McCullough v. Suter (In re Suter)*, 59 B.R. 944, 947 (Bankr.N.D.Ill. 1986). While compelling, this argument has two flaws.

First, the language of § 523(a)(6) overrides the fresh start policy. As the Eighth Circuit stated in *Miera*, 926 F.2d at 745, "[i]t is clear from the language of this section that Congress did not intend to forgive debts incurred as a result of a debtor's willful and malicious injury notwithstanding Congress' general policy of allowing a debtor a 'fresh start' in bankruptcy." While the court believes that holding punitive damages to be nondischargeable is in conflict with the fresh

start policy, it is mandated by the language of § 523(a)(6) not to draw distinctions between compensatory and punitive damages in determining dischargeability.

Also, in *Grogan*, 111 S.Ct. at 659, the Supreme Court indicated that "the 'fresh start' policy is not as exalted as many bankruptcy practitioners and courts have believed." Davidson, *Grogan v. Garner: Nondischargeability by a Preponderance*, 19 Cal.Bankr.J. 71, 75 (1991). Specifically, the Court made it clear that there is not a constitutional or fundamental right to a discharge in bankruptcy and that a "fresh start" is only available to the "honest but unfortunate debtor." *Grogan*, 111 S.Ct. at 659 (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)). Accordingly, the "honest debtor" policy, which has been emphasized by many of the courts in the majority position, is the proper focus. *See e.g., Diaz*, 120 B.R. at 982–83; *Johnson*, 120 B.R. at 469; *Dvorak*, 118 B.R. at 630; *Guy*, 101 B.R. at 996.

In addition to the fresh start policy, it has been argued that punitive damages are dischargeable under § 523(a)(6) because they do not represent a debt for willful and malicious injury inasmuch as they are awarded as an example to others or to punish the debtor for a certain type of conduct. *Sullair Rocky Mt., Inc. v. Van Loan (In re Van Loan)*, 114 B.R. 760 (Bankr.M.D.Fla.1990); *Alwan Bros.*, 105 B.R. at 890; *Haile v. McDonald (In re McDonald)*, 73 B.R. 877, 882 (Bankr. N.D.Tex.1987). This argument improperly focuses on the nature of punitive damage awards. For example, in *Alwan Bros.*, 105 B.R. at 890, the court stated:

Section 523(a)(6) except [sic] from discharge a debt for willful and malicious injury by the debtor to another entity or to the property of another entity. It is the character of the debtor's act which must be willful and malicious; to the extent such act causes injury to the creditor, the debt is non-dischargeable. *Punitive damages are not compensation for injury.* Rather they are imposed to punish the wrongdoer and deter others

from committing like offenses in the future.... Thus, punitive damages are not a debt for injury caused by a debtor' willful and malicious acts.

(Emphasis added.) The effect of this interpretation is to read the definition of willful and malicious injury into "debt" thereby disregarding its specific definition in § 101(12). This court believes that the better interpretation is to ascertain whether a debt exists under § 101(12) and then to determine whether the debtor's actions are such as to make the debt nondischargeable under § 523(a). Following this analysis, the court concludes that punitive damages are clearly "debts" within the meaning of § 101(12). *See* discussion *supra* at pp. 241–43. Having made that determination, the relevant question under § 523(a)(6) becomes whether the act that gave rise to the debt was "willful and malicious." *Adams*, 761 F.2d at 1427–28 (quoting *Coen*, 458 F.2d at 329–30) (§ 523(a)(6) "turns upon the nature of the act which gave rise to the liability rather than upon the nature of the liability.") Accordingly, all "debts" that arise from willful and malicious acts are nondischargeable. *Id.; see also Dvorak*, 118 B.R. at 630–31.

It has also been maintained that when § 523(a)(7), which provides for the nondischargeability of a debt owed to a governmental unit for a fine, penalty, or forfeiture that is not compensation for actual damages, is read in conjunction with the other subsections of § 523(a), it "compel[s] the conclusion that Congress intended noncompensatory damages to be excepted from discharge only where they are owed to a governmental agency...." *Suter*, 59

B.R. at 947; *see also Ellwanger*, 105 B.R. at 555–56; *Petruzzi v. DeLuca (In re DeLuca)*, 111 B.R. 839 (Bankr.C.D.Cal.1990); *Alwan Bros. Co.*, 105 B.R. at 886; *Valentine*, 104 B.R. at 71; *Rubitschung*, 103 B.R. at 1011; *Hulvey*, 102 B.R. at 703; *Hallahan*, 99 B.R. at 897. This court is not so compelled. There is nothing in the language of § 523(a) or its legislative history to indicate that subsection (a)(7) was intended to preclude private entities from pursuing nondischargeability judgments of punitive damages under its other subsections.[7] Moreover, the focus of the two subsections are entirely different. Subsection (a)(7) focuses on the nature of the liability to be discharged while, as heretofore discussed, subsection (a)(6) focuses on the nature of the act which gave rise to the liability.

The fourth, and final, argument advanced by the minority is that § 523(a)(2) limits the amount of a debt that may be held to be nondischargeable "to the extent obtained by" false pretenses, a false representation, actual fraud, or a materially false writing respecting the debtor's or an insider's financial condition. *See Ellwanger*, 105 B.R. at 551; *Larson v. Norris (In re Larson)*, 79 B.R. 462 (Bankr.W.D.Mo. 1987); *McDonald*, 73 B.R. at 877; *Jones v. Wilson (In re Wilson)*, 72 B.R. 956 (Bankr. M.D.Fla.1987); *Dodson v. Church (In re Church)*, 69 B.R. 425 (Bankr.N.D.Tex. 1987); *Suter*, 59 B.R. at 946–47; *cf. Devoe v. Cheatham (In re Cheatham)*, 44 B.R. 4 (Bankr.N.D.Ala.1984) (punitive damages are dischargeable because they do not arise out of actual fraud); *Schmidt*, 36 B.R. 834 (Bankr.D.Minn.1984) (nondischargeable debt is limited to monies that the debtor

---

7. In *Brill v. Dvorak (In re Dvorak)*, 118 B.R. 619, 630 (Bankr.N.D.Ill.1990), the court stated that in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the Supreme Court implied in dicta that the nondischargeability of punitive damage awards may be limited to governmental agencies. In making that statement, the court relied on a footnote in *Kelly* which reads, in relevant part, that "[i]t seems likely that the limitation of § 523(a)(7) to fines assessed 'for the benefit of a governmental unit' was intended to prevent application of *that subsection* to wholly private penalties such as punitive damages." *Id.* at 51 n. 13, 107 S.Ct. at 361–62 n. 13

(citing H.R.Doc. No. 93–137, pt. 2, pp. 116, 141 (1973)) (emphasis added). This court does not read that footnote as an indication that the Supreme Court would use 11 U.S.C. § 523(a)(7) as a means of concluding that punitive damage awards may only be held to be nondischargeable when the government is a creditor. From the emphasized language, it is clear that the Court was limiting its analysis to § 523(a)(7). Also, in *Davenport*, 110 S.Ct. at 2131, the court stated that it would not apply its analysis of § 547(a)(7) in *Kelly* to narrow its construction of the term "claim" in 11 U.S.C. § 101(a)(5)(A).

obtained by fraudulent misrepresentation); *The Record Co. v. Bummbusiness, Inc. (In re The Record Co.)*, 8 B.R. 57 (Bankr. S.D.Ind.1980) (nondischargeability limited to monies actually obtained by a false representation). In addressing this argument, the court notes that the proceeding at hand is one under § 523(a)(6) which subsection's language is not so limited. As heretofore mentioned, in *Grogan*, 111 S.Ct. at 657 n. 2, the Supreme Court recognized that the language of § 523(a)(2) limits the amount of the debt that may be held nondischargeable and also stated that subsection (a)(6) was a broader remedy. *See* discussion *supra* at pp. 241–43 & n. 5. Accordingly, the court does not believe that cases decided under § 523(a)(2) are controlling in this instance.

The court realizes that until today it followed the minority rule holding that punitive damages are dischargeable. *See Tracy v. Cowart (In re Cowart)*, No. C81–0929J, slip op. at 2 (D.Utah Sept. 20, 1982); *Sutherland v. Brown (In re Brown)*, 66 B.R. 13 (Bankr.D.Utah 1986); *Kojima v. Stevens (In re Stevens)*, No. 82PC–0828 (Bankr.D.Utah June 30, 1983). To the extent that those proceedings were decided pursuant to § 523(a)(2), they are still good law. In light of the more recent Supreme Court opinions interpreting the terms "debt" and "claim", however, the court concludes that it was compelled to reevaluate those earlier decisions.[8] Having done so, it now joins the majority rule finding that punitive damages may be held to be nondischargeable under § 523(a)(6).

■ Turning to the case at hand, the court notes that it has already determined that the debtor is collaterally estopped from relitigating the issue of whether the punitive damages awarded to Placer in the Nevada district court arose from its willful and malicious injury to Placer or its property. Accordingly, it is HEREBY ORDERED that the Nevada district court

judgment awarding Placer $1,000,000.00 in punitive damages is deemed NOT DISCHARGED.

---

**8.** To the extent that dicta in *Commercial Factors of Salt Lake City, Inc. v. Jensen (In re Jensen)*, 113 B.R. 51 (Bankr.D.Utah 1990) indicates that the majority of courts find punitive damages to be dischargeable, it is rejected.