### In re Ronnie Jackie GREEN and Amie L. Green, Debtors.

### WASHINGTON RANCH LTD., a limited partnership, and James Miller, general partner, Plaintiffs,

v.

### Ronnie Jackie GREEN, Defendant.

### Bankruptcy No. 7–91–12823 M R.
### Adv. 91–1333 M.

United States Bankruptcy Court, D. New Mexico.

April 16, 1992.

Charles C. Currier (plaintiffs local), Roswell, N.M., Charles R. Gibbs, Greg Hesse, Dallas, Tex., for plaintiffs.

William F. Davis, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the plaintiffs' motion for summary judgment. The Court orally granted the plaintiff's motion in part but reserved ruling on whether punitive damages and costs are nondischargeable under 11 U.S.C. § 523(a)(6)[1] as a matter of law. Having considered the briefs and the applicable law, the Court concludes that punitive damages and costs may be excepted from discharge and will rule that they are nondischargeable.

---

1. Unless otherwise noted, all statutory cites refer to title 11.

## FACTS

The state court entered a judgment upon jury verdict in *Washington Ranch Lmtd. & James Miller v. Ron Green,* CV–89–243, in the District Court of Chaves County, New Mexico, on September 27, 1990. The judgment awarded the plaintiff $36,368.75 in compensatory damages and $20,000 in punitive damages with interest to accrue thereon at the rate of 15%. The plaintiff was also awarded $12,907.84 in costs. The special verdict found that defendant wrongfully converted plaintiffs' money, that the wrongful conversion was a proximate cause of plaintiffs' damages and that the acts of defendant related to the wrongful conversion were either willful, wanton, or malicious.

## DISCUSSION

### I. Punitive Damages

■ The question of whether punitive damages are entitled to be excepted from discharge has been the subject of recent decisions. Courts have made a distinction between different subsections of § 523, namely (a)(2) and (a)(6). The weight of authority appears to hold that punitive damages will be discharged under subsection (a)(2) but will not be discharged under subsection (a)(6). The basis for this distinction is found in a footnote of *Grogan v. Garner,* where the Supreme Court stated that "those judgments that include punitive damages awards are more appropriately governed by § 523(a)(6)." 498 U.S. ——, 111 S.Ct. 654, 657, fn. 2, 112 L.Ed.2d 755 (1991). A recent Ninth Circuit case held that § 523(a)(2) allows the dischargeability of punitive damages. *In re Levy,* 951 F.2d 196 (9th Cir.1991). The court examined the structure of § 523 and concluded that punitive damages could be discharged under subsection (a)(2) but not under subsections (a)(4) and (a)(6). The Ninth Circuit has directly held that punitive damages are excepted from discharge under § 523(a)(6). *In re Britton,* 950 F.2d 602 (9th Cir.1991). The Eighth Circuit also finds punitive damages to be excepted from discharge under § 523(a)(6). "[The] section does not distinguish between debts which are compensa-tory in nature and those which are punitive." *Johnson v. Miera, (In re Miera)* 926 F.2d 741, 745 (8th Cir.1991). *See also, Bryan v. Manley, (In re Manley)* 135 B.R. 137 (Bankr.N.D.Okla.1992) (punitive damages under § 523(a)(4) are nondischargeable, as they would be under § 523(a)(2) and (a)(6)).

An excellent discussion of the case law is found in *In re Dahlstrom,* 129 B.R. 240 (Bankr.Utah 1991). *Dahlstrom* concludes that the majority rule is that punitive damages may be held to be nondischargeable under § 523(a)(6) and finds the punitive damage award debt in that case to be nondischargeable. The Tenth Circuit has not directly dealt with § 523(a)(6), but affirmed, without discussion, the judgment of the bankruptcy court and the district court which held nondischargeable under § 523(a)(4) a judgment which included punitive damages. *In re Wallace,* 840 F.2d 762 (10th Cir.1988).

This Court will follow the weight of authority and holds that punitive damages may be excepted from dischargeability as a matter of law. The punitive damages at issue here will be nondischargeable.

### II. Costs

■ The determination of whether costs awarded pursuant to a judgment will be declared nondischargeable depends on whether the debt to which the costs relate is dischargeable. In *In re Hart,* the court held that if the debt relating to the attorney fees was dischargeable, then the fees would be as well. 130 B.R. 817 (Bankr. N.D.Ind.1991). Similarly, court costs which a debtor father was ordered to pay pursuant to a state court paternity judgment were held to be nondischargeable. *In re Seibert,* 914 F.2d 102 (7th Cir.1990). Thus, where the underlying debt is nondischargeable, the costs associated with that debt will be nondischargeable as well. Having held that the judgment rendered in the state court action is nondischargeable under § 523(a)(6), the Court holds that the costs associated with the judgment are non-dischargeable.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Fed.R.Bankr.P. 7052. An appropriate order shall enter.