**In re John Jay STOKES, Jr., Debtor/Appellant and Cross–Appellee,**

v.

**Anthony P. FERRIS, Trustee, Plaintiff/Appellee and Cross–Appellant.**

**Civ. No. A 91 CA 613.**

United States District Court, W.D. Texas, Austin Division.

Nov. 23, 1992.

---

William C. Davidson, Jr., Minter, Joseph & Thornhill, Austin, TX, for John Jay Stokes, Jr.

Robert R. Bradshaw, Babb & Bradshaw, Austin, TX, for Anthony P. Ferris, Trustee.

## MEMORANDUM OPINION AND ORDER

SPARKS, District Judge.

BE IT REMEMBERED on this the 16th day of November, 1992, came on to be heard and considered the above-styled and numbered cause. This is a bankruptcy appeal in which Anthony P. Ferris appeals the decision of Bankruptcy Judge Kelly to discharge punitive damages and attorneys' fees and costs awarded in a state court judgment against John Jay Stokes, Jr. (Stokes, Jr.).[1] Judge Kelly held that Ferris's actual damages in the amount of $550,000 were not dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code,[2]

---

1. Despite the style of the case, John Jay Stokes, Jr. dismissed his appeal so only Ferris's appeal is before the Court.

2. Unless otherwise indicated, all references to sections are to the Bankruptcy Reform Act of 1987 ("Bankruptcy Code"), as amended, 11 U.S.C. § 101, *et seq.* (1992).

but the remaining punitive damages and legal fees were dischargeable. 11 U.S.C. § 523(a)(2)(A). Ferris argues this decision is incorrect, in part, because Judge Kelly found Stokes, Jr.'s conduct to be willful and malicious, and, therefore, the entire damage award should be nondischargeable under Section 523(a)(6). Having reviewed the briefs filed by each party and having listened to oral arguments presented to the Court by parties' counsel on November 13, 1992, the Court determines that Appellant Ferris is correct and the Bankruptcy Court's September 26, 1990 decision should be reversed, in part.

## I. *Background Facts*

Ferris does not challenge the findings of fact made by Judge Kelly in his September 26, 1990 Memorandum Opinion in case number 87–12304 (Adv. No. 88–1018); therefore, this Court will simply summarize those findings.

On or about December 12, 1984, John J. Stokes, Jr. forged the name of his father, John J. Stokes, Sr., on a warranty deed purporting to transfer eight acres of land from Stokes, Sr. to Stokes, Jr. *See Findings of Fact*, 1.02, 1.06, 2.03, 2.07. On March 19, 1985, Stokes, Jr., with intent to deceive Ferris, accepted $550,000 in cash from Ferris as consideration for the transfer of the eight acres by warranty deed to Ferris, after falsely representing to Ferris that Stokes, Jr. owned the eight-acre tract. *See Findings of Fact*, 2.04, 2.05, 2.09. Stokes, Sr. filed suit against both Stokes, Jr. and Ferris in February, 1986, and Ferris filed a cross-claim against Stokes, Jr., alleging breach of warranty in violation of the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"). *Finding of Fact*, 1.05. In June of 1988 a trial, at which Stokes, Jr. did not attend, was held and damages were awarded under the DTPA in the amount of $1,647,000.00 plus attorneys' fees and post-judgment interest. *Id.*, 1.06.

Ferris initiated an adversary proceeding in the Bankruptcy Court claiming that the entire state court judgment should not be discharged under Sections 523(a)(2)(A), (4),

and (6). *Id.*, 1.07. Amongst other things, Judge Kelly found

> [t]he conduct of Defendant was deliberate or intentional and amounts to conscious disregard of the rights of others and was without just cause or excuse and Plaintiff's compensatory damages and exemplary damages flowed from the willfulness and/or malice of Defendant.

*Finding of Fact*, 2.09. Judge Kelly also found

> Plaintiff is entitled to recover compensatory damages in the amount of $550,000 plus interest from June 6, 1988 plus costs and attorney's fees in the amount · of $72,353.00 plus additional damages under Tex.Bus. & Com.Code Ann. section 17.-50(b)(1) in the amount of $1,097,000 ..., [which] is not discharged, pursuant to the provisions [sic] 11 U.S.C. § 523(a)(2)(A).

*Findings of Fact*, 2.11, 2.14.

Despite these finding, Judge Kelly found

> ... Defendant wilfully and intentionally converted the property of Stokes, Sr. However, Stokes, Jr. is not the Plaintiff. Plaintiff only established his claim under Code § 523(a)(2)(A).

*Conclusion of Law*, 3.09. And Judge Kelly further stated

> [m]uch has been made of the argument by Plaintiffs that all of their damages fall under § 523(a)(6). However, all of their evidence related to fraud and their damages were computed in state court under the Texas [DTPA].... No effort was made ... to come up with any finding of "punitive damages" other than as statutorily computed under the treble damage provision of this states [sic] statute.

*Conclusion of Law*, 3.12. In conclusion, Judge Kelly held $550,000 of Plaintiff's debt was not discharged, but the balance of Plaintiff's claim, was an allowable but dischargeable claim. Thus, the statutorily trebled damages in excess of Ferris's actual damages, legal fees, and post-judgment interest awarded Ferris were held dischargeable, presumably under Section 523(a)(2)(A) exclusively.

## II. *Jurisdiction and Standard of Review*

This Court has jurisdiction of this appeal pursuant to Section 158(a), Title 28, United States Code. Because Ferris only challenges Judge Kelly's legal conclusions regarding discharge of statutory damages and legal fees, the standard of review is de novo. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307 (5th Cir.1985).

## III. *Analysis*

### A. *Does Section 523(a)(6) apply to Ferris's damages?*

■ There is no dispute Section 523(a)(2)(A) applies in this case, causing Ferris's actual damages to be nondischargeable. *See* 11 U.S.C. § 523(a)(2)(A); *Findings of Fact*, 2.04–2.07, 2.14; *Conclusions of Law*, 3.01–3.04 (citations omitted). However, not all damages are nondischargeable under Section 523(a)(2)(A), but rather only that part of a debt "to the extent obtained by" fraud is nondischargeable. Courts have uniformly held that punitive damages are not nondischargeable under this provision. *See e.g., In re Levy*, 951 F.2d 196, 199 (9th Cir.1991); *In re Day*, 137 B.R. 335, 341 (Bankr.W.D.Mo.1992); *In re Nix*, 92 B.R. 164, 170 (Bankr.N.D.Tex.1988). The vast majority of courts, including bankruptcy courts in the Fifth Circuit, have, however, held that punitive damages and legal fees are nondischargeable under Section 523(a)(6). *See e.g., In re Britton*, 950 F.2d 602, 606 (9th Cir.1991); *In re Miera*, 926 F.2d 741, 745 (8th Cir.1991); *In re McGuffey*, 145 B.R. 582, 595 (Bankr.N.D.Ill.1992); *In re Reynolds–Marshall*, 145 B.R. 1, 2 (Bankr.D.Maine 1992); *In re Green*, 138 B.R. 622, 623 (Bankr.D.N.M.1992) (punitive damages and legal costs nondischargeable under section 523(a)(6)); *In re Cole*, 136 B.R. 453, 459 (Bankr.N.D.Tex.1992) (same); *In re Dahlstrom*, 129 B.R. 240, 246 (Bankr.D.Utah 1991); *In re Nix*, 92 B.R. at 170; *In re Dean*, 79 B.R. 659, 663 (Bankr.N.D.Tex.1987). Thus, the difference between finding an exception under subsection (2) and subsection (6) of Section 523(a) is a crucial one and of great importance to Ferris, whose statutory damages [3] and legal fees are far greater than his award of actual damages.

Section 523(a)(6) of the Bankruptcy Code states

> section 727 ... does not discharge an individual debtor from *any* debt—
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

.    .    .    .    .

11 U.S.C. § 523(a)(6) (emphasis added). "Willful" has been defined as "deliberate or intentional," and "malicious" as "in conscious disregard of one's duties, or without just cause or excuse, and does not require ill will or specific intent to do harm." *In re Dean*, 79 B.R. 659, 662 (N.D.Tex.1987); *see also Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 245 (5th Cir.1983) ("Willful means intentional and malicious adds the absence of just cause of excuse"). In his opinion, Judge Kelly made the factual finding that "[t]he conduct of Defendant was *deliberate or intentional* [willful] and amounts to conscious disregard of the rights of others and was *without just cause or excuse* [malicious] and Plaintiff's compensatory damages *and* exemplary damages flowed from the willfulness and/or malice of Defendant." *Finding of Fact*, 2.09. This finding, combined with Judge Kelly's findings that Stokes, Jr. knowingly and falsely represented to Ferris that he owned the eight-acre tract in order to induce Ferris to purchase the land from him (Stokes, Jr.), make Ferris's argument that Judge Kelly's own findings of fact compel a finding that Section 523(a)(6) applies appear irrefutable. *See id.*, 2.04, 2.05, 2.07. According to Judge Kelly's own finding of fact, Ferris's damages, actual and punitive [4], were caused by Defendant's willful and malicious conduct.

---

**3.** Although the Court usually refers to Ferris's trebled damages under the DTPA as "statutory" damages, they are, in fact, nothing more than "punitive" damages set by the Texas legislature. *See Pace v. State,* 650 S.W.2d 64, 65 (Tex.1983) ("[T]reble damages under the DTPA are punitive damages").

**4.** *See* Footnote 3, *supra.*

■ Puzzled by Judge Kelly's decision to not hold Ferris's statutory damages and legal fees nondischargeable pursuant to Section 523(a)(6) despite his factual finding clearly implicating that section, the Court has carefully reviewed Judge Kelly's opinion and applicable case law to determine if a finding that Section 523(a)(2) applies precludes application of Section 523(a)(6). Having done so, the Court concludes that a finding of actual fraud and the applicability of Section 523(a)(2)(A) does not necessarily preclude a finding that the same conduct also amounts to "willful and malicious conduct" and that Section 523(a)(6) also applies. *See In re Britton,* 950 F.2d at 603–04, 606 (actual damages nondischargeable under Section 523(a)(2)(A) and (a)(6) and punitive damages nondischargeable under Section 523(a)(6)); *In re Rubin,* 875 F.2d 755, 758 n. 1 (9th Cir.1989) (court, in dicta, indicated that courts which do not find punitive damages nondischargeable under Section 523(a)(2)(A) might require plaintiffs to show the judgment for fraud resulted from a "willful and malicious" injury to satisfy Section 523(a)(6) in order to find punitive damages nondischargeable), *cited in Grogan v. Garner,* 498 U.S. 279, —— n. 2, 111 S.Ct. 654, 657 n. 2, 112 L.Ed.2d 755 (1991); *In re Levy,* 951 F.2d at 199 (*Grogan* and *Rubin* suggest "a creditor should seek nondischargeability of a debt for fraud *alone* under section 523(a)(2) [, but] where the debtor inflicted 'willful or malicious injury,' such that punitive damages were awarded, the creditor should seek nondischargeability under 523(a)(6)"); *see also In re Day,* 137 B.R. 335, 341–42 (Bankr.W.D.Mo.1992) (Court considered application of Sections 523(a)(2) and (6) but found only 523(a)(2) applied because the creditor did not prove the debtor's conduct was willful *and* malicious). In fact, these cases, along with a recent Supreme Court case, *Grogan v. Garner,* indicate that when a debtor's conduct constitutes fraud and was willful and malicious, the creditor should seek nondischargeability under Section 523(a)(6) in place of, or in addition to, Section 523(a)(2). *See id.; see also Grogan,* 498 U.S. at —— n. 2, 111 S.Ct. at 657 n. 2.

The Court, therefore, finds Judge Kelly's findings of fact compel the legal conclusion that Section 523(a)(6) applies as Ferris's injuries were a result of Stokes, Jr.'s willful and malicious conduct.

**B.** *Are Ferris's statutory damages and attorneys' fees and costs nondischargeable under Section 523(a)(6)?*

Having concluded that Section 523(a)(6) applies, as a matter of law, given Judge Kelly's findings of fact, the Court now queries whether Judge Kelly's statement that the state court made no attempt to "come up with any finding of 'punitive damages' other than as statutorily computed under the treble damage provision of this states statute ...," is justification for concluding that Ferris's damages above $550,000, which include treble damages under the DTPA and legal fees, are dischargeable. Again, the Court finds from reading the words of the statute and applicable case law, Section 523(a)(6) makes no distinction between "punitive" damages and "statutory" damages, and, therefore, all of Ferris's damages are nondischargeable.

■ Section 523(a)(6) states that a debtor will not be discharged from "*any* debt" for "willful and malicious injury." 11 U.S.C. § 523(a)(6). A "debt" is merely a "liability on a claim." *Id.* § 101(12); *see also In re Dahlstrom,* 129 B.R. at 241. A "claim", in turn, is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." *Id.* § 101(5)(A), *quoted in In re Dahlstrom,* 129 B.R. at 241. The definition of "claim" is obviously broad and has accordingly been interpreted quite expansively. *See In re Dahlstrom,* 129 B.R. at 241–42 (citing *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 556–60, 110 S.Ct. 2126, 2130–31, 109 L.Ed.2d 588 (1990) (right to payment is "nothing more nor less than an enforceable obligation, regardless of the objectives ... to [be] serve[d]"); *Johnson v. Home State*

*Bank,* —— U.S. ——, ——–——, 111 S.Ct. 2150, 2154–55, 115 L.Ed.2d 66 (1991)). Thus, the range of "debts" which may be nondischargeable under Section 523(a)(6) is almost limitless, and there is no reason to believe statutorily computed punitive damages should be dischargeable thereunder while court or jury computed punitive damages are not.[5]

 Courts, discussing the nondischargeability of punitive damages under Section 523(a)(6), support the above conclusion. Many have emphasized that it is the nature of the debtor's conduct and *not* the nature of the liability which is determinative under Section 523(a)(6). *See e.g., In re Miera,* 926 F.2d at 745; *In re McGuffey,* 145 B.R. at 594; *In re Reynolds–Marshall,* 145 B.R. at 2; *In re Dahlstrom,* 129 B.R. at 245. Therefore, all debts, including statutory damages and legal fees, which flow from the debtor's willful and malicious conduct are nondischargeable. *See In re Reynolds–Marshall,* 145 B.R. at 2 ("All liabilities resulting therefrom are nondischargeable"); *In re Dahlstrom,* 129 B.R. at 246 ("[A]ll debts that arise from willful and malicious acts are nondischargeable"); *In re McGuffey,* 145 B.R. at 595–96 (punitive damages and attorneys' fees nondischargeable under Section 523(a)(6)); *In re Green,* 138 B.R. at 623 (same); *In re Cole,* 136 B.R. at 459 (exemplary damages, costs and interest nondischargeable); *In re Nix,* 92 B.R. at 170 (damages trebled under 18 U.S.C. § 1964(c) (RICO) and attorneys' fees were nondischargeable under Section 523(a)(6)).

### IV. *Conclusion*

In light of Judge Kelly's factual findings and case law clearly indicating that Section 523(a)(2)(A) and 523(a)(6) may apply simultaneously, this Court is compelled to find Section 523(a)(6) applicable in this case. All debts, including statutorily computed punitive damages, legal fees, and interest, are nondischargeable under Section 523(a)(6). Therefore, the Court enters the following order:

**5.** *See* Footnote 3, *supra.*

IT IS ORDERED that Judge Kelly's Order Sustaining in Part and Denying in Part Plaintiff's Complaint, to Determine Dischargeability of Debt is REVERSED IN PART and that Plaintiff's ENTIRE CLAIM OF $1,647,000.00, plus attorneys' fees and post-judgment interest, is NONDISCHARGEABLE pursuant to 11 U.S.C. § 523(a)(6).

Judgment will be entered accordingly.